[Crim. No. 147.  In Bank.—November. 10, 1900.]

## In the Matter of the Disbarment of Z. F. WHARTON.

ATTORNEY AT LAW—JUDGMENT OF DISBARMENT—AFFIRMANCE ON APPEAL—MODIFICATION.—A judgment of the superior court, disbarring an attorney, which has been affirmed by the supreme court, cannot be modified by the latter court after the issuance of the *remittitur*. An application for a modification should be made to the superior court.

APPLICATION to the Supreme Court to set aside a judgment of disbarment.

The facts are stated in the opinion of the court.

J. H. Liggett, W. H. Layson, and E. C. Hart, for Appellant.

S. Solon Holl, W. P. Harlow, and Clinton E. White, for Respondent.

THE COURT.—Application to set aside the judgment of disbarment.

The petitioner was accused before the superior court of the county of Sacramento of the violation of his oath and duty as an attorney and counselor at law, and, after a hearing thereon that court entered its judgment August 15, 1895, permanently precluding him from practicing as such attorney or counselor in all the courts of this state. Upon an appeal therefrom the judgment was affirmed by this court. (*In re Wharton,* 114 Cal. 367.)  An application has now been made in his be-

half by a large number of attorneys to set aside this judgment of disbarment.

As the original proceedings for the disbarment were had and determined before the superior court, any application for a modification or change in its judgment should be made in that court. The judgment was rendered by the superior court after hearing evidence upon the matters charged in the accusation, and the action of this court was limited to an examination of the sufficiency of the evidence to sustain the finding and a review of such errors of law as were presented in the transcript brought here upon the appeal. It would be an invasion of the proper function of the superior court if we should now attempt to modify its judgment at the request of persons who do not appear to have had any connection with the former proceedings, and without any proof of the facts alleged as the basis of their request. As in the case of any other appeal, upon the issuance of the *remittitur* to the court below the jurisdiction of this court over the judgment ceased. The judgment itself, as well as the other proceedings had in the matter, are a part of the records of that court and under its control, and if any matters have transpired since its entry which would authorize or justify the modification now sought, a motion therefor should be presented to the tribunal which has control of the records, upon such notice as to it may seem suitable.

For these reasons the application is denied.