[No. 4433.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION v. JOHN M. ESSINGTON.

1. **Attorneys at Law—Disbarment.**

If, subsequent to his admission to the bar, an attorney is guilty of such conduct that he no longer possesses the qualifications necessary to admit him to membership, his name should be stricken from the rolls whether such conduct is in his professional capacity as attorney or not.

2. **Same—Misappropriation of Client's Money.**

In a proceeding of disbarment against an attorney for the misappropriation of money belonging to a client, where the evidence shows that the money was misappropriated by respondent's partner, but respondent admitted that he received from his partner a small part of the money and consented that part of it should be used to pay office rent, the evidence was sufficient to warrant respondent's disbarment.

3. **Attorneys at Law—Disbarment—Reinstatement.**

The supreme court has the same power to reinstate an attorney that it has to disbar him. In a disbarment proceeding, where the facts are such as to require the disbarment of respondent, but the circumstances appeal to the judicial clemency of the court, although the court may not be able to exonerate the respondent, it may order his reinstatement.

*Original Proceeding in Disbarment.*

Mr. N. C. MILLER, attorney general, and Mr. ALBERT E. GRIER, for petitioner.

Mr. S. E. BROWN, Mr. J. A. FOWLER and Mr. H. T. SALES, for respondent.

Mr. JUSTICE STEELE delivered the opinion of the court.

The information charges that the respondent, while engaged in the practice of law in the city of Denver with one Michael Waldron, under the firm name of Essington & Waldron, received from one Dimock Bruce the sum of about three hundred and fifty dollars for the purpose of loaning upon chattel security. That the said respondent appropriated a large sum thereof to his own use. That of the moneys so received by said firm a loan of forty dollars was made to one Annie Watson, and that as security a gold chain was deposited with the firm. That the respondent, without the knowledge or consent of the said Bruce, appropriated the said chain to his own use and caused the same to be pawned at a pawnshop in the city of Denver for the sum of twenty-five dollars, and that the respondent appropriated the said twenty-five dollars to his own use. That the respondent caused to be made out and furnished to said Bruce a false and fraudulent statement of alleged loans of money, with intent to deceive and mislead said Bruce, and that said statement represented that a loan of one hundred and fifty dollars had been made to one Thomas Clark, and that a loan of fifty dollars had been made to one Mrs. Ferguson. That Clark and Ferguson were fictitious persons, that loans were never made to them, and that the representations were so made by the respondent to said Bruce for the purpose of deceiving and misleading him, and of covering up and accounting for the money theretofore appropriated by the respondent to his own use.

In the case *People v. Waldron*, which resulted in the disbarment of Waldron, the respondent testified

that he had consented to the use of twenty dollars belonging to Bruce in the payment of his firm's office rent. In his testimony in this case, he says his testimony concerning the use of money in payment of rent was incorrect, and that he did not so consent. Waldron admits the misappropriation of funds belonging to Bruce, and says that the respondent appropriated to his own use a large portion of the money belonging to Bruce; that the respondent caused the chain deposited as security for the Watson loan to be pawned, and used the money so borrowed. With respect to the pawning of the chain, the witness Gavin corroborated Waldron. The respondent says that Waldron, against his protest, pawned the chain, and that he accepted from Waldron five dollars of the money. Waldron testifies that the statement given Bruce was submitted to the respondent and that the respondent knew that the statement was false and fraudulent. The respondent says that he did not know of the fraudulent character of the statement; that he only glanced at it and supposed it contained a true statement of the loans made by the firm for Bruce. The witness Varnum testifies to a conversation with Bruce in which Bruce exonerated the respondent from all criminal responsibility and placed the blame wholly upon Waldron.

Counsel have cited *People v. Allison*, 68 Ill. 151. In that case it is held that the name of an attorney will not be stricken from the roll upon proof of charges, "affecting his character as a man or integrity as a private citizen," and it is insisted that the firm of Essington & Waldron did not receive the money from Bruce in their capacity as attorneys at law, but in some other capacity, and that under the authority of the case cited the court is without authority to disbar. We cannot assent to the doctrine of the case cited, in so far as it applies to the character

and integrity of members of the bar. This court is committed to the doctrine that if, subsequent to his admission to the bar, an attorney is guilty of such conduct that he no longer possesses the qualifications necessary to admit him to membership, his name should be stricken from the rolls. Accordingly, an attorney who obtained money by false pretenses and an attorney who was guilty of larceny were disbarred, and their names stricken from the rolls.

The testimony is not altogether satisfactory, and we are not convinced that the respondent was cognizant of or consented to the misappropriation of all of the funds placed in the hands of the firm of which he was a member; nor has he convinced us that in his dealing with Bruce his conduct was such as should characterize the conduct of a member of the profession. His admissions at this trial and at the trial of his partner are sufficient to warrant his disbarment, and our duty requires us to order his name stricken from the roll of attorneys, and it is so ordered.

The same authority that empowers this court to strike the names of unworthy attorneys from the roll grants us the power to reinstate; and in this case we shall exercise the power rather in the nature of a pardon. The respondent's testimony shows that he was admitted to the bar of Pennsylvania some time prior to the civil war; that he entered the Union army and served for more than four years; that he has resided in Colorado for the period of fifteen years, and that his conduct has been exemplary except in the instances charged in the information. The witnesses who testify to his good reputation are: Hons. Moses Hallett, E. T. Wells, G. Q. Richmond, L. W. Wells, and F. C. Goudy. While we cannot exonerate him, the promptings of mercy impel us to extend to him our judicial clemency, and we therefore order that he be reinstated as a member of the bar.