## IN RE APPLICATION OF JOHN W. TALBOT FOR READMISSION TO PRACTICE LAW.

[No. 8,961.   Filed March 26, 1915.]

1. COURTS.—Appellate Court.—Jurisdiction.—Constitutional Questions.—Sections 1391, 1392 Burns 1914, Acts 1901 p. 565, Acts 1907 p. 237, specifying causes that shall be appealed directly to the Supreme Court, and providing that causes involving the constitutionality of a statute shall be appealed to that court, do not require the transfer of a cause to the Supreme Court, which comes to the Appellate Court, or any of its judges, as a court of original jurisdiction, even though a constitutional question is presented. p. 428.

2. STATUTES.—Title and Subject.—"Civil Case".—The act of March 7, 1913 (Acts 1913 p. 318, §1012a Burns 1914), entitled "An act concerning proceedings in civil cases", and the subject-matter of which is the restoring of disbarred attorneys to their rights to practice their profession in the courts of the State, is not violative of §19, Art. 4 of the Constitution, requiring that the subject-matter of an act shall be embraced in its title, since the term "civil cases" includes all cases other than criminal cases, though they be special or summary proceedings. p. 429.

3. STATUTES.—Title and Subject.—Reinstatement of Attorneys.— The act of March 7, 1913 (Acts 1913 p. 318, §1012a Burns 1914), entitled "An act concerning proceedings in civil cases", providing for restoring disbarred attorneys to their rights to practice their profession in the courts of the State, violates §19, Art 4 of the Constitution, requiring the subject-matter of an act to be expressed in its title, in so far as it attempts to confer original jurisdiction on the individual judges of the Supreme and Appellate Courts. p. 432.

4. JUDGES.—*Vacation and Chambers.—Power.*—The power exercised by a judge in vacation, or by the separate judges of a court made up of several members, is a power incident to the court as a court, and not otherwise. p. 434.

5. COURTS.—*Appellate Court.—Jurisdiction.—Inherent Powers.—Reinstatement of Attorneys.*—The act creating the Appellate Court conferred on it appellate jurisdiction only, and while all courts of general and superior jurisdiction are possessed of certain inherent powers, so that the Appellate Court would doubtless have the inherent power to determine whether an attorney might or might not be admitted or disbarred from practicing before it, such inherent power could not extend to give the court original jurisdiction to try and determine whether a disbarred attorney might be reinstated in his right to practice his profession in some other court. p. 434.

Proceedings in the Appellate Court on the petition of John W. Talbot for readmission to practice law in the courts of Indiana, under the provisions of §1012a Burns 1914, Acts 1913 p. 318, to which objections were filed by a committee of the St. Joseph County Bar Association. *Petition dismissed.*

*Frank M. Kistler, George S. Kistler, Bernard Korbly* and *Willard New,* for petitioner.

*Isaac K. Parks* and *L. M. Hammerschmidt,* for objectors.

HOTTEL, C. J.—This is a proceeding filed in this court in which John W. Talbot, by a petition addressed "to any Judge of the Appellate Court of the State of Indiana," seeks a restoration to his rights as an attorney at law. To this petition the St. Joseph County Bar Association, by committee, has appeared and filed objections.

The petition is based on §1 of "An act concerning proceedings in civil cases", approved March 7, 1913 (Acts 1913 p. 318, §1012a Burns 1914), which is as follows: "That in any case where an attorney at law has been disbarred from practice in the courts of this State, the person so disbarred in said cause, may, after five years from the rendition of judgment of disbarment, apply to any judge of the supreme, or appellate court of this State for restoration to his rights as an attorney at law, and any judge of the supreme, or

appellate court of this State may, upon application, and proper showing, reinstate an attorney who has been suspended or removed.'' It will be observed that this act attempts to confer jurisdiction of such cases not upon either of the courts mentioned therein, but upon ''any judge'' of either of such courts, and the subject-matter over which such jurisdiction is attempted to be conferred is the restoration of the right of an attorney at law to practice his profession generally, that is to say, in any court of the State, including that from which he was disbarred.

The petitioner, following the language of the statute, has addressed his petition to ''any member'' of the Appellate Court, apparently proceeding on the theory, either that the act confers on both the Supreme and Appellate Court original jurisdiction in such cases, or that, independent of the act, each of such courts has such jurisdiction and that as an incident to, and, in aid of, such jurisdiction the act in question gives to each individual member of each of such courts the right and authority to act for the court in such matter, similar to the authority given the individual members of the court where certain things are authorized to be done in vacation or chambers by each member of the court as and for the court. We will have occasion to further refer to this theory of the petitioner later on in this opinion.

It is insisted by the objectors that the act in question is unconstitutional, and in this connection it has been suggested that the presentation of such question necessitates a transfer of the case to the Supreme Court under §§1391, 1392 Burns 1914, Acts 1901 p. 565, Acts 1907 p. 237. This provision of the statute applies solely to cases which come to this court on appeal and has no application to cases which come to the court, or any of its judges, as a court of original jurisdiction. If any jurisdiction is conferred on the respective judges of this court by the act in question, it is original and not appellate, and

hence such jurisdiction is not controlled by §§1391, 1392 Burns 1914, *supra*.

As affecting the question of the constitutionality of the act, it is contended by the objectors that it violates §19, Art 4 of the State Constitution, which provides as fol-

2. lows: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

There is some confusion, especially in the earlier cases as to the meaning, purpose of, and application to be given to this provision of the Constitution. The authorities agree, however, that by it at least two vices, frequently present in the making of laws, was intended to be cured, viz.: *"First,* the passage of any act under a false and delusive title, which did not indicate the subject-matter contained in the act; a trick by which members of the legislature had been deceived into the support of measures in ignorance of their true character. *Second,* the combining together in one act of two or more subjects, having no relation to each other; a method by which members, in order to procure such legislation as they wished, were often constrained to support and pass other measures obnoxious to them, and possessing no intrinsic merit." *Hingle* v. *State* (1865), 24 Ind. 28, 32. See, also, *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 39, 87 N. E. 823, and cases cited; *State* v. *Closser* (1913), 179 Ind. 230, 234, 99 N. E. 1057; *Mull* v. *Indianapolis, etc., Traction Co.* (1907), 169 Ind. 214, 222, 81 N. E. 657. In the case of *Henderson* v. *London, etc., Ins. Co.* (1893), 135 Ind. 23, 28, 34 N. E. 565, 41 Am. St. 410, 20 L. R. A. 827, the Supreme Court in speaking on the same subject adopted the following language used by Judge Cooley in his work on "Constitutional Limitations", viz., "It may therefore be assumed as settled that the purpose of these provisions was: *first,* to

prevent *hodge-podge* or 'log-rolling' legislation; *second,* to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and, *third,* to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have an opportunity of being heard thereon, by petition or otherwise, if they shall so desire.''

It is contended by the objectors, in effect, that the subject-matter of the act in question is the restoration to disbarred attorneys of their rights to practice their profession and that such subject is not expressed in the title of the act, and that such title is not sufficiently specific or certain to indicate such subject-matter. Some of the earlier decisions of the court, especially *Lauer* v. *State* (1864), 22 Ind. 461, lend support to the objectors' contention. These cases, however, have been overruled, either expressly or impliedly, and a more liberal construction given to such provision in so far as it affects the question under consideration. *Reams* v. *State* (1864), 23 Ind. 111; *Robinson* v. *Skipworth* (1864), 23 Ind. 311; *Hingle* v. *State, supra; Henderson* v. *London, etc., Ins. Co., supra,* and cases cited; *Isenhour* v. *State* (1901), 157 Ind. 517, 524, 62 N. E. 40, 87 Am. St. 228; *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 101 N. E. 296, 44 L. R. A. (N. S.) 816; *State* v. *Bailey* (1901), 157 Ind. 324, 61 N. E. 730, 59 L. R. A. 435, and cases cited. In the case last cited, at page 328, the Supreme Court said: ''The purposes of the provision, in view of the evils intended to be guarded against, can only be effected by requiring that the subject expressed should be reasonably specific, or, in other words, should be such as to indicate *some particular branch of legislation* as a head under which the particular provisions of the act might reasonably be looked for.'' (Our italics.) Again in the case of *Moore-*

*Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co., supra,* 367, the Supreme Court said: "There has been a general disposition to construe this provision liberally rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it was adopted. * * * It should be borne in mind that §19, Art. 4, Constitution, aims only at titles narrower than the enactment. The unnecessary breadth of the title is ordinarily no objection to it. Cooley, Const. Lim. (7th ed.) 206."

It is also contended by the objectors that the subject-matter of the act in question, viz., restoring disbarred attorneys to their rights, etc., "is a special and summary proceeding and not a proceeding in civil cases," and that for this reason the title of the act is deceptive and misleading and hence violates said constitutional provision. It is true that such a proceeding is in the nature of a special or summary proceeding, and, in the case of *Ex parte Walls* (1880), 73 Ind. 95, the Supreme Court in a proceeding instituted by Walls to be reinstated to his rights to practice his profession, held that Walls was not entitled to a trial by jury because his proceeding was "not a civil action within the meaning of the common law". In determining the controlling influence which that decision should have on the question now under consideration, we must consider the way in which the question arose in that case. Walls was insisting on his right to a trial by jury given by the Constitution. The question to be determined therefore was, whether his action was a civil action within the meaning of the common law, because the term "civil case" as used in the Constitution meant those cases which were known to be civil cases under the common law. The instant case presents a very different question, viz., Is the term "civil case" as used in our statutes broad enough to include the instant case? In the case of *Hockemeyer* v. *Thompson* (1898), 150 Ind. 176, 182, 48 N. E. 1029, 49 N. E. 1059, where a similar

question was involved the Supreme Court said: "Thus it would seem that there is absolutely no reasonable or logical escape from the conclusion formerly reached by us that the words 'civil cases' and 'civil causes' are to be construed, and we are imperatively required to construe them as including all cases other than criminal cases." To the same effect, see, *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *Robertson* v. *State, ex rel.* (1887), 109 Ind. 79, 10 N. E. 582; *Reynolds* v. *State, ex rel.* (1878), 61 Ind. 392; *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.* (1889), 116 Ind. 578, 19 N. E. 440. It has been very appropriately suggested by counsel for the petitioner that in the acts of 1881, under a title identical with that now under consideration, will be found the provision of law relating to the "admission, disbarment, suspension and reinstatement of attorneys", and since the enactment of those provisions of the law they have gone unchallenged by the bench or bar. If therefore, the validity or constitutionality of the act in question depended alone on whether the title of the act was broad enough and sufficiently specific and certain to cover the subject-matter of *restoring disbarred attorneys to their rights to practice their profession in the courts of this State,* we would find no trouble in upholding the law.

This act is subject to a vice much more serious than those already considered. The act attempts not only to furnish a disbarred attorney a means of having his rights

3. restored which had never existed before, but as before stated it also attempts to create a new court or courts on which is conferred original jurisdiction to determine the rights of such attorney to be restored to the practice of his profession in the courts of the State. In so far as the act attempts to confer jurisdiction on the several members of the Supreme Court, it is, in our judgment, clearly unconstitutional. The Supreme Court is not of legislative creation but is a constitutional court made up of its entire membership. While §4, Art. 7 of the Constitution makes provision

whereby the legislature may confer original jurisdiction on such court, no authority can be found for constituting each, or any of the members of such court a separate court with original jurisdiction. However, with such question we are not concerned, because the act might be invalid in so far as it attempts to confer jurisdiction and authority on members of the Supreme Court and yet be valid in so far as it attempts to confer such authority and jurisdiction on this court. We therefore limit our discussion to a consideration of the question of the validity of the act in so far as it attempts to confer jurisdiction on the members of this court.

The Appellate Court is of legislative creation and hence its powers and jurisdiction may be determined and defined by the legislature, subject, of course, to such limitations as may be found in the Constitution. The act, however, does not attempt to confer jurisdiction on such court but only on the individual members thereof. The act purports to confer on any member of this court, original jurisdiction and authority, not only to try and determine whether an attorney disbarred by the court of which the trier is a member, shall be reinstated in his right to practice his profession in such court, regardless of what may be the opinion of the other members of the court, but in addition thereto, confers further original jurisdiction and power to try and determine whether an attorney disbarred by any inferior court may, or may not, be reinstated in his right to practice his profession in such court. To say the least, such a jurisdiction and power would be anomalous, but assuming without deciding that the legislature might confer such power and authority it has failed to do so by the act in question, because the title of the act is deceptive in that it fails to indicate or include such a purpose in any manner, and is not broad enough, or comprehensive enough, to include the two purposes or subject-matters involved in the body of the act and hence, under the cases cited herein violates the constitutional provision, *supra*.

If the act simply attempted to give to a disbarred attorney a method by which he might be reinstated and, as an incident thereto, lodged the power and authority to reinstate such attorney in a court already existing and clothed with original jurisdiction, the cases cited and relied on by the petitioner might be of controlling influence. In this connection it is contended by the petitioner, and correctly so, we think, that all courts of general and superior jurisdiction are possessed of certain inherent powers, among which is the power to admit attorneys to practice their profession in such courts, and to suspend and disbar such attorneys. §998 Burns 1914, §963 R. S. 1881; *Ex parte Tillinghast* (1830), 4 Pet. *108, 7 L. Ed. 798; *People* v. *Essington* (1904), 32 Colo. 168, 75 Pac. 394. Also, *In re Simpson* (1903), 11 N. Dak. 526, 93 N. W. 918; Works, Courts 170, 198; 1 Thornton, Attorneys §28; *Garrigus* v. *State, ex rel.* (1884), 93 Ind. 239, 242; *In re Davies* (1880), 93 Pa. St. 116, 39 Am. Rep. 729. It is further asserted by the petitioner that such inherent authority of the court is recognized by statute, citing §§997-1001 Burns 1914, §§962-966 R. S. 1881, and that "the same authority that empowers the Supreme or Appellate Court to disbar attorneys gives to the courts the power to reinstate them", citing *People* v. *Essington, supra; In re Simpson, supra.* It is then argued that, inasmuch as each of such courts had jurisdiction to reinstate a disbarred attorney, the legislature had the right to invest a *judge* of each of such courts with all the power of the court to be exercised in vacation or chambers. This argument is lame in several respects.

Considering the petitioner's last proposition first, it may be admitted that "in the absence of constitutional inhibition the legislature may confer upon judges the power to perform judicial acts in vacation or at chambers; but exclusive of those powers which judges exercised at common law at chambers and in vacation, a judge can exercise only such judicial functions as are expressly authorized by constitu-

tion or statute &ast; &ast; &ast; Where the court is made up of several divisions presided over by separate judges the legislature may invest each judge with all the powers of the court to be exercised in vacation.'' 23 Cyc. 544. ''At the common law the judges exercised at chambers and in vacation only a limited power, such as ordinarily was conducive to the facilities of business *actually pending in court,* and this power they exercised independent of any statute. Rules and orders so made by the judge out of term were not effective until they had been made rules of the court in term time.'' 23 Cyc. 543. It will be observed that the power exercised by the judge in vacation, or by the separate judges of a court made up of several members is a power incident to the court as a court, and not an original power or authority given to a member of the court to be exercised independent of the other members of such court or independent of the court made up of all of its members. The exercise of such a power by the individual member in such a case is an exercise of the power of the court, and such individual member acts in such matter as and for the court and can exercise such power only, as the court itself has in the premises or might exercise. It is in a sense an emergency power given to the individual member of the court to be exercised for the court in aid of its jurisdiction or in the furtherance of the business pending before it, where for some reason the court as a court can not act. Such act is subject always to change or modification by the court.

There is nothing in the act under consideration showing or tending to show that the authority and power attempted to be conferred on the separate members of this court was intended to be a power and authority already existing in such court, to be exercised by such individual members thereof as and for such court in chambers or in vacation. On the contrary, the act purports to confer on the several members of such court an original power and jurisdiction not possessed by the court, and to be exercised by such members

independent of and not for the court. The act creating the Appellate Court conferred on it appellate jurisdiction only. Acts 1893 p. 29, §1382 Burns 1914.

It was not given any original jurisdiction. The inherent power which every court has and may exercise as a court is confined to matters in or connected with and affecting such courts alone. Such inherent power would allow this court to control and regulate its own proceedings, and hence by virtue of such power, it would doubtless have the right to determine whether an attorney might or might not be admitted to practice his profession in such court and might likewise disbar an attorney, and reinstate him in his right to practice his profession in such court. We apprehend, however, that it would not be seriously contended that the inherent power lodged in this court would give to it the power and original jurisdiction to try and determine whether an attorney might be reinstated in his right to practice his profession in some other court. It is this latter power and jurisdiction that the petition filed herein seeks to invoke and that the act in question attempts to confer on the individual members of the two courts, and such power and authority is not one already lodged in either of said courts.

For the reasons herein indicated, and for others which we deem it unnecessary to give, we are of the opinion that the act in question is invalid. If, however, the act could be held valid, it, as before stated, only attempts to confer jurisdiction and authority over the proceedings involved therein on the separate members of this court and neither confers nor attempts to confer such jurisdiction and authority on the court. We have already shown that, independent of the act, this court has no authority or jurisdiction of the kind invoked by this proceeding.

This court being without any jurisdiction over the matter involved, it follows that the petition must be dismissed. Petition dismissed.

NOTE.—Reported in 108 N. E. 240. As to summary jurisdiction of courts over attorneys, see 2 Am. St. 847. See, also, under (1) 11 Cyc. 816, 818; (2) 36 Cyc. 1034; (3) 36 Cyc. 1039; (4) 23 Cyc. 544, 543; (5) 4 Cyc. 900, 905; 11 Cyc. 766.