[Civ. No. 2480. First Appellate District, Division One.—February 3, 1919.]

In the Matter of the Application of SAMUEL LAWRENCE MASH, for Reinstatement as an Attorney at Law.

ATTORNEY AT LAW — REINSTATEMENT AFTER DISBARMENT.—In passing upon an application for restoration to practice of an attorney who has been disbarred for misconduct, in having concealed from the court, at the time he was admitted to practice in the courts of this state upon presentation of a license from another state, past delinquencies, which, if then disclosed, would have led to the denial of his application for admission, prime importance must be accorded to the present manner of life and conduct of the applicant, and if the district court of appeal is convinced that there really has been a reformation and that the disbarred attorney will in the future be a law-abiding citizen and show a proper regard for the duties and responsibilities of his profession, his application for reinstatement will be granted.

ID.—NATURE OF APPLICATION FOR REINSTATEMENT.—An application to the district court of appeal by a disbarred attorney for an order restoring him to the roll of attorneys and counselors at law is not to be regarded as a motion to vacate the order previously made by that court, revoking its original order admitting him to practice, but as an application for admission to the bar, either under section 276 or under section 279 of the Code of Civil Procedure. Good moral character is essential in either case. (Opinion of supreme court on denying hearing.)

ID.—JURISDICTION—COURTS.—Power to admit persons to practice law is now vested exclusively in the district court of appeal, and it is to that court that the "satisfactory evidence" or "testimonials" of good character, as the case may be, are to be produced, and it is for that court to determine whether they are sufficient to establish the moral character required. (Opinion of supreme court on denying hearing.)

ID.—FINDING OF FACT.—In such a case an order restoring an attorney to practice is a finding by the district court upon a question of fact, which will not be interfered with by the supreme court unless the record and proceedings show that an error of law led the district court to the decision or that the evidence was either wholly insufficient to establish the good moral character of the applicant or so slight as to be grossly inadequate. (Opinion of supreme court on denying hearing.)

APPLICATION for reinstatement as an attorney and counselor at law.

The facts are stated in the opinion of the court.

Samuel M. Shortridge for Petitioner.

Lloyd S. Ackerman for San Francisco Bar Association.

WASTE, P. J.—This is an application by Samuel L. Mash for an order restoring him to the roll of attorneys and counselors at law entitled to practice in the courts of this state.

It appears from the record that the applicant heretofore, upon the presentation to this court of a license to practice law granted to him by the supreme court of the state of Iowa, was admitted to the bar of this state, and that subsequently such license to practice law was revoked, for the reason that the applicant concealed from this court certain delinquencies in his past life which this court held it was his duty to disclose, and which if disclosed would have led this court to deny his application, the statute law of this state requiring that only persons of good moral character shall be licensed to practice law in its courts.

In considering the present petition the decisive question to be determined is whether Mash is at the present time a man of good moral character, and a fit and proper person to practice law and to be intrusted with the duties and accorded the privileges incident to that practice. The applicant is

now advanced in years; and while the record discloses serious delinquencies in his past life, he has produced to this court the testimony of many citizens of this community, including that of business men, judges, reputable members of the bar, ministers of religion, which shows a complete reformation, and that for more than three years last past Mash has lived an upright, industrious, and honorable life, and is a man of good moral character. This having been admitted at the hearing, it is our opinion that neither the vindication of the integrity of the bar nor the maintenance of a proper standard of legal ethics requires the permanent exclusion of the applicant from the practice of the law. In a matter of this kind, as in others, there may well be a *locus penitentiae;* and where the present conduct of an attorney satisfies the court that the continuance of his disbarment is no longer necessary, it should not be required. This view we regard as in accord with the spirit of our institutions, as evidenced by our reform schools, and our parol system as applied to persons convicted of offenses against the law, which have satisfactorily demonstrated that wrongdoers, if given an opportunity, are frequently capable of reforming. In considering an application such as the present, while of course we cannot ignore past delinquencies, we must accord prime importance to the present manner of life and conduct of the applicant; and if we are convinced that there really has been a reformation, and that the disbarred attorney will in the future be a law-abiding citizen, and show a proper regard for the duties and responsibilities of his profession, we will lift the ban that past lapses necessitated placing upon him. (*People* v. *Payson,* 215 Ill. 476, [74 N. E. 383] ; *People* v. *Essington,* 32 Colo. 168, [75 Pac. 394] ; *In re Simpson,* 11 N. D. 526, [93 N. W. 918] ; *In re Burris,* 147 Cal. 370, [81 Pac. 1077].)

The application is granted.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1919, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing of this matter before the supreme court is denied.

The application to the district court is not to be regarded as a motion to vacate the order previously made by that court revoking its original order admitting Mash to practice law. That order stands unaffected. His present application to that court is to be considered as an application for admission to the bar, either on examination in open court and "testimonials of good moral character," under section 276 of the Code of Civil Procedure, or for admission on production of a license from a sister state "and satisfactory evidence of good moral character," under section 279 of the Code of Civil Procedure. In either case a good moral character was essential to his admission. The power to admit persons to practice law is now vested exclusively in the district court of appeal, and consequently it is to that court that the "satisfactory evidence," or the "testimonials," as the case may be, are to be produced, and it is for that court to determine whether they are sufficient to establish the moral character required. Such a decision is a finding upon a question of fact.

Our functions in such a case are supervisory only. We have no original authority to admit persons to practice law. Hence, we should not interfere with the decision of the district court of appeal upon such question of fact, unless the record and proceedings in that court show that an error of law led it to the decision, or that the evidence was either wholly insufficient to establish the good moral character of the applicant or so slight as to be grossly inadequate.

The fact that we refuse to order the matter transferred to this court for a rehearing is, of course, not to be understood as an indication that we have examined the evidence and have found it sufficient, or that we are satisfied of the fact, or that we have any opinion on the subject except that evidence was produced to that court, which, if believed and given full effect according to the tenor, would support the finding of that court.

It should always be kept in mind that in determining such a question the district court of appeal is not considering an application to relieve the applicant from punishment or to give him an opportunity to reform, but that its sole object is to determine whether or not the character of the applicant is such that he should be admitted to an office of trust and recom-

mended to the public as a trustworthy person fit to be consulted by others in matters of confidence. A certificate of admission to practice law is a standing affirmation that he is of that character, and it invites others to enter into intimate confidential relations with him. The interest and safety of those who may be thus led to consult him should be regarded as the end to be accomplished. Upon the record we must assume that the district court of appeal considered the case upon these principles.

Angellotti, C. J., Shaw, J., Melvin, J., Wilbur, J., and Lennon, J., concurred.