[Civ. No. 3560.    First Appellate District, Division Two.—September 16, 1920.]

WILLIAM J. DANFORD, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] ATTORNEY AT LAW — GROUNDS OF DISBARMENT — STATEMENT IN ORDER.—An order disbarring an attorney at law is not void because it fails to state the grounds of disbarment.

[2] ID.—ORDER OF DISBARMENT—JURISDICTION OF SUPERIOR COURT.— The superior court has jurisdiction to make an order disbarring an attorney at law.

[3] ID.—FINAL ORDER OF DISBARMENT—APPLICATION FOR REINSTATEMENT—JURISDICTION.—An application for reinstatement of an attorney at law disbarred by a judgment of a court of competent jurisdiction, made after the order of disbarment has become final, must be treated as an application for admission to practice, and as such it must be addressed to the court having jurisdiction to admit an attorney to practice.

[4] ID.—VOID ORDER OF REINSTATEMENT.—Since the amendment to section 276 of the Code of Civil Procedure in 1895, the superior court is without jurisdiction to admit an attorney to practice, and an order of such court reinstating a disbarred attorney is void.

APPLICATION for a Writ of Prohibition to restrain the Superior Court from entertaining contempt proceedings against an attorney at law. Denied.

The facts are stated in the opinion of the court.

William J. Danford, *in pro. per.,* for Petitioner.

Douglas Brookman and W. M. Simmons for Respondents.

NOURSE, J.—Petitioner seeks a writ of prohibition to restrain the superior court from entertaining proceedings instituted against petitioner charging him with contempt of court. The affidavit upon which the contempt proceedings are based alleges that on March 1, 1909, petitioner, who theretofore had been an attorney licensed to practice law, was disbarred from practice in all courts of the state by an order of the superior court in Los Angeles County in accord with proceedings duly instituted for that purpose. About three and a half years thereafter the judge who had made the order of disbarment, acting upon his own motion, ordered the petitioner reinstated to the practice of the law in the superior court and recommended full reinstatement to practice in all courts of the state by the district court of appeal. In accord with this order, petitioner took the oath to support the constitution of the United States and of this state, and to faithfully discharge the duties of attorney and counselor at law. On March 24, 1913, another judge sitting in the superior court in Los Angeles County set aside the order of reinstatement on motion of an attorney representing the Bar Association of Los Angeles County, upon the grounds, as recited in the later order, "that said order was made without notice to the accuser in said disbarment proceedings or any of the attorneys who prosecuted said proceedings, that said order was inadvertently and improvidently made; that at the time of the making of said order said Danford had been convicted in said superior court of a felony and had been sentenced to a term in the penitentiary of three years, and which sentence at the time of making said order had not expired, and that said court had no jurisdiction or power to reinstate or admit said Danford as an attorney at law to said superior or any other court in the state of California."

The affidavit then alleges that "at the present time, and for a considerable period of time . . . said Wm. J. Danford has advertised and held himself out as practicing and entitled to practice law in the courts of this state"; that he maintains an office for that purpose in the city and county of San Francisco; that, on September 5, 1919, he filed an appearance in a certain action then pending in

the superior court in San Francisco; that, thereafter, and until the fifth day of March, 1920, he frequently appeared in said superior court as attorney for the defendant in said action. The orders of the superior court in Los Angeles County which are made the basis of the claim that petitioner was not entitled to practice in the superior court in San Francisco are incorporated in the accusatory affidavit.

In his application for a writ of prohibition petitioner assigns numerous grounds upon which it is claimed that respondent is without jurisdiction to entertain the contempt proceedings. It is not necessary to discuss all the grounds urged because, if it appears from the accusatory affidavit that petitioner was legally disbarred from practice and has not been restored by a court of competent jurisdiction, the respondent is not exceeding its jurisdiction.

Petitioner attacks the original order of disbarment because it fails to show the grounds upon which he was disbarred, in that it recites merely that he "has violated the oath taken by him upon his admission as an attorney and counselor and that he has violated his duties as such attorney and counselor." [1] But section 299 of the Code of Civil Procedure, which prescribes the form of judgment in disbarment proceedings, does not require a statement of the grounds of disbarment. These proceedings are peculiar to themselves and are governed by the statutes relating to them. It was so held by the supreme court in *Matter of Danford,* 157 Cal. 425, 430, [108 Pac. 322], in affirming the judgment of disbarment here under attack. [2] It is also argued that the superior court was without jurisdiction to make the order, but such jurisdiction is specially conferred upon the superior court by section 287 of the Code of Civil Procedure. This power is purely statutory and is not subject to any constitutional objection.

[3] Assuming the power to disbar, the order of disbarment became final upon its affirmance by the supreme court. Thereafter no court had power to modify or set aside the order either upon motion or otherwise. An application for reinstatement of an attorney disbarred by a judgment of a court of competent jurisdiction, made after the order of disbarment has become final, must be treated as an application for admission to practice and not as an application to vacate the order of disbarment. As such it must be addressed to

the court having jurisdiction to admit an attorney to practice. (*In re Mash,* 39 Cal. App. 548, [179 Pac. 898].)

[4] Since the amendment to section 276 of the Code of Civil Procedure, in 1895, the superior court is without jurisdiction to admit an attorney to practice in any court of the state. That power, at the time the order purporting to reinstate the petitioner was made, was, and now is, conferred exclusively upon the district courts of appeal. Hence the superior court in Los Angeles, being without jurisdiction to admit petitioner to practice, could not entertain an application for restoration after disbarment. That the court acted upon the assumption that it had such power is apparent from the order, which reads: "That the above-named Wm. J. Danford is hereby reinstated and hereby *admitted* to the bar of the superior court."

In the case of *In re Wharton,* 130 Cal. 486, [62 Pac. 741], there is language intimating that where the disbarment took place in the superior court the motion for reinstatement should be made in that court, but the error of the ruling in that case is that the court treated the motion for reinstatement as a motion to modify the judgment of disbarment rather than a motion for admission to the bar. In view of the decision of the supreme court in *In re Mash, supra,* the Wharton case is not controlling. Treating the motion for reinstatement as a motion for admission to the bar, as it must be treated, it necessarily follows that such motion must be addressed to a court which has jurisdiction to admit to the bar. As the superior court had no power to admit petitioner to practice in any court, there can be no doubt that the order in question is void on its face for want of jurisdiction in the court.

Such being the case, the respondent is not exceeding its jurisdiction in entertaining the contempt proceedings, and the application for prohibition should be denied.

So ordered.

Waste, P. J., *pro tem.,* and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1920.

All the Justices concurred.