[Civ. No. 3834.    Second Appellate District, Division One.—March 4, 1922.]

## In the Matter of S. S. HAHN.

[1] ATTORNEY AT LAW—DISBARMENT—APPLICATION FOR REINSTATE-
MENT — SUFFICIENCY OF EVIDENCE. — In this proceeding for re-
instatement to practice law after disbarment, the showing is suffi-
cient to warrant the granting of the application.

APPLICATION for reinstatement to practice law.
Granted.

The facts are stated in the opinion of the court.

Grant Jackson, Joseph Scott and W. H. Anderson for
Petitioner.

Loeb, Walker & Loeb and John Hart for Los Angeles
County Bar Association.

THE COURT.—Petitioner herein on the twenty-sixth day
of July, 1915, was, after examination duly made, admitted
to practice law in all the courts of the state. In Novem-
ber, 1917, the Bar Association of Los Angeles County filed in
the superior court an accusation wherein there was set forth
a description of certain acts done by this petitioner while
practicing his profession. The accusation contained three
counts. The first set forth language used by petitioner in
the argument of a criminal case in the superior court, which
language was offensive and vituperative in character and
wholly unjustifiable from every standpoint of professional
ethics. In a second count it was charged that petitioner, by
way of advice to several persons and in the presence of the
officer named, said: "The next time Officer Whaples comes
into this house I advise you to stab, injure him in any way,
or even kill him, and I will defend you." The third count
contained the charge that petitioner had procured a com-
plaint to be verified containing a statement which he knew
to be untrue. After hearing the evidence in support of the

---

1.  Reinstatement of disbarred attorney, note, Ann. Cas. 1912A,
813.

accusation, and petitioner's defense thereto, the superior court on March 5, 1918, made its judgment depriving petitioner of any further right to practice law. On March 8, 1918, petitioner enlisted as a private soldier in the army of the United States and on July 2, 1918, was sent with the Expeditionary Forces to France, where he saw active service on the battle front, attaining the rank of sergeant. In May, 1919, he was returned to the United States and received honorable discharge from the service. In July, 1919, he presented to the superior court his petition that he be reinstated as an attorney and counselor at law. After due consideration of the matter, and assuming that jurisdiction was reposed in that court so to act, the superior court made its order setting aside the judgment of disbarment and reinstating petitioner according to his prayer, whereupon he resumed the practice of his profession and continued thereat until January, 1921. At this time the district attorney filed an affidavit in the superior court alleging that this petitioner had never been legally reinstated in the right to practice and that his appearance in court as an attorney amounted to a contempt. The action of the district attorney was taken under the view that the superior court was without jurisdiction to make the order of reinstatement. The decisions *In re Mash*, 39 Cal. App. 548 [179 Pac. 897], and *Danford* v. *Superior Court*, 49 Cal. App. 303 [193 Pac. 272], affirmed this view and the superior court held that the judgment of disbarment was still effective. Petitioner thereupon and on the 15th of February, 1921, filed in this court his petition asking for his reinstatement. The Bar Association filed written opposition to the petition and alleged further acts of petitioner, committed subsequent to his disbarment and during the time that he had re-engaged in practice of the law, as evidence of his unfitness. This court denied the application for reinstatement and petitioner has now, after the lapse of nearly another year, renewed it, offering all of the evidence which was submitted at the prior hearing and additional evidence, by way of showing that he has earned the right to his reinstatement. Part of that evidence consists of written testimonials made by a number of the superior judges of Los Angeles County and lawyers practicing at the bar. Other of the documentary evidence consists of statements from various reputable per-

sons with whom petitioner has been associated during the past year. Petitioner on his own behalf asserts that, whatever may have been his derelictions, they were due to inexperience and youth, and that, by reason of his various experiences in the war and in his business concerns subsequent thereto, he has acquired greater breadth of mind and more thorough appreciation of a proper standard of conduct to guide him in the future. He asserts and promises that, if reinstated, he will not again transcend the bounds of professional ethics in any manner whatsoever. [1] In view of the showing made we are convinced that petitioner has profited by his experiences and believe that he possesses the foundation of sufficient moral integrity of mind to fulfill his duty to his clients and to the profession. In addition to other recommendations submitted, the fact that three lawyers of long experience at the bar and of unquestioned standing have appeared as counsel and personally urged that favorable action be taken upon the application is entitled to be given weight in resolving the question. Their appearance in this behalf carries with it the guaranty that they act not alone for the best interest of the applicant, but also in the interest of the bar at large. And so we are impelled to the conclusion that petitioner should be given his chance to prove that he can from henceforth discharge the duties of an attorney at law with dignity and integrity, and render that high character of service which is ever demanded of the legal profession.

It is ordered that S. S. Hahn be and he hereby is restored all the rights and privileges of an attorney and counselor at law, and is authorized to practice his profession in all the courts of this state.