[Civ. No. 5524.   Second Appellate District, Division Two.—March 13, 1927.]

In the Matter of the Application of JAMES FRANK LASLEY for Reinstatement as an Attorney at Law.

[1] ATTORNEY AT LAW — DISBARMENT — FRAUD — REINSTATEMENT.—On application for reinstatement as an attorney at law, where the petition showed that the order admitting petitioner to the bar had been set aside because of his fraud in procuring it, it was held that in legal effect petitioner had never been an attorney at law in this state and therefore could not be "reinstated" as such.

---

(1) 6 C. J., p. 615, n. 79.

APPLICATION for reinstatement as an attorney at law. Petition denied.

The facts are stated in the opinion of the court.

Percy V. Hammon and James E. Mahon for Petitioner.

WORKS, P. J.—This is an application for reinstatement as an attorney at law.

[1] The petition shows that an order was made admitting petitioner to the bar, but that it was later set aside because of the fraud of petitioner in procuring it. It is under these circumstances that he asks for a reinstatement. In legal effect petitioner has never been an attorney at law in this state. He, therefore, cannot be "reinstated" as such (*In re Mash*, 39 Cal. App. 548, 551 [179 Pac. 897]; *In re Stevens*, 197 Cal. 408 [241 Pac. 88]). It is true that in the first of these cases the supreme court recognized an application for reinstatement as an application for admission to the bar. This, however, was after the district court of appeal had granted the application and when the matter was before the higher tribunal upon an application for a transfer. The present proceeding is at quite a different stage. Moreover, while petitioner, in his points and authorities, appears possibly to exhibit a willingness that his petition may be con-

---

1. Reinstatement of disbarred attorney, notes, Ann. Cas. 1912A, 813; 48 A. L. R. 1236. See, also, 3 Cal. Jur. 752.

sidered as an application for admission, he nevertheless contends that he is entitled to a reinstatement. We are in doubt whether he intends his petition as one for admission, for the reason that he refers in his brief to re-admission and not to admission. For instance, at the beginning of the brief he alludes to his petition "for reinstatement, or re-admission, or restoration, or whatever the Court deems advisable to call it."

We have no desire to be unduly technical in such matters, but under all the circumstances attending the application we think it were better, if petitioner be so advised, if he will file an application for admission to the bar in the form which is usual and which is understood and acted upon by the board of bar examiners in the performance of its labors under the law.

Petition denied.

Craig, J., and Thompson, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 12, 1927.