IN RE WEED.

(No. 1,744.)

(Submitted May 20, 1903. Decided May 25, 1903.)

### Attorney—Suspension from Practice—Reinstatement — Sufficiency of Petition.

An attorney who has been suspended for two years for malpractice and criminal deceit, whereby he obtained money from a client, will not be reinstated at the end of one year on a petition, signed by lawyers and citizens, reciting that he was suspended because he was indebted to the client, and which does not express any regret for his culpable acts, or contain any assurance from him or the other petitioners that his future conduct will be upright.

ORIGINAL proceeding for the reinstatement of Elbert D. Weed as a member of the bar of the supreme court. Reinstatement refused.

Mr. Jas. Donovan, Attorney General, presented petition to court.

MR. JUSTICE MILBURN delivered the opinion of the court.

This matter is before us on the petition of Elbert D. Weed, and of others in his behalf, for his reinstatement as a member of the bar of this court.

The court ordered on May 26, 1902, that Mr. Weed be suspended from his office of attorney and counselor and deprived of the right to practice as such in the courts of Montana until the 26th day of May, 1904, at the expiration of which time he might, under the terms of the order, upon proper petition, supported by satisfactory evidence of good conduct meantime, be restored to the privileges of an attorney and counselor. Many persons join in praying that the petition of the applicant be granted. Many of these are lawyers of high standing, and others are persons of importance and prominence in the public service and in private life. It will not serve any useful purpose to state

herein at length the reasons why Mr. Weed was subjected to discipline. It will be sufficient to refer those who should know them to the opinions in *In re Weed,* 26 Mont. 241, 507, 67 Pac. 308, 68 Pac. 1115.

Referring to *In re Newton,* 27 Mont. 182, 70 Pac. 982, we find that a disbarred attorney was restored to the office of attorney and counselor upon it having been made to appear satisfactorily to the court that the petitioner had, "since the order of disbarment, * * * lived an upright, honorable life; that in the estimation of his fellow citizens in the community in which he resides, and also of reputable members of the bar of this state, he is a fit person to be permitted to practice law in the state, and that he expresses the utmost contrition for his said offense." It is necessary that the applicant show much more than appears in the petition before us. He states that the order of suspension was made "by reason of a petition * * * and evidence given in support thereof by one Theodore Mayer, showing that the petitioner herein was indebted to said Mayer in a certain sum of money." Reading the opinion (26 Mont. 507, 68 Pac. 1115), any one will see that the court did not punish Mr. Weed for being indebted to Mr. Mayer. There has not been any such precedent ever established by this court, or by any other, so far as we are advised. If the very numerous signers of the petition in support of the application for reinstatement understood that the applicant was deprived of his office as attorney and counselor because he was indebted to Mayer, such understanding perhaps will account for the fact that so many recommended that the court permit him now to resume the practice of the profession of the law.

The applicant does not mention or refer to any one of the charges upon which he was found guilty; he does not express any regret for any of his culpable acts; and we have not any assurance from him or the other petitioners that his conduct hereafter will be as it should be, or in anywise different from what it was before his suspension. We affirm the reasons stated

in the opinion reported heretofore (26 Mont. 507, 68 Pac. 1115) when the order of suspension was made.

Because the petition of the applicant does not state anything which shows that the applicant has a just conception of the serious nature of the several charges made and proven against him, or that he in any wise regrets having done any of the things which he did, and because those who have joined in his petition do not indicate in the slightest way that they understand why the order was made, or that the applicant for reinstatement has repented of his errors, and further because we are of the opinion that the petition and the papers in support thereof would not be sufficient to induce favorable consideration even if the period of two years had expired, the application of Mr. Weed, made at the end of one year, is denied.