### In re CLARK.

(Supreme Court, Appellate Division, Fourth Department. October 7, 1908.)

ATTORNEY AND CLIENT (§ 61*)—DISBARMENT OF ATTORNEY—REINSTATEMENT.

Where an attorney had been disbarred on uncontradicted evidence of misconduct, several of the acts involving actual criminality, he was not entitled to reinstatement two years thereafter on a showing of uprightness during that period, at the instance of lawyers and laymen in the county of his residence.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 84; Dec. Dig. § 61.*]

Application for the reinstatement of Arthur E. Clark as an attorney and counselor after his name had been stricken from the rolls in disbarment proceedings. Denied.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

PER CURIAM. Arthur E. Clark was prohibited from practicing law by an order of this court entered October 11, 1095, and the order was affirmed by the Court of Appeals in March following. He has applied for reinstatement as an attorney and counselor upon his petition, verified March 14, 1908, and accompanies the same with letters from many lawyers and laymen advising his restoration to practice, and letters and statements in opposition are presented on the hearing of the application.

The charges against Mr. Clark were of very grave import. We need not enumerate them. Suffice it to say that he was accused of unprofessional conduct of the most reprehensible character in important matters, and in some instances of the commission of criminal offenses. He filed an answer to the charges, and the matters were referred to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hon. Charles A. Hawley, an eminent member of the bar. A long trial followed, although the facts were substantially undisputed. Eight of the eleven specifications charged were sustained by the referee in a very exhaustive and satisfactory report. Upon its presentation to this court for confirmation, elaborate briefs were filed and oral arguments were heard. The Presiding Justice in a carefully prepared opinion (108 App. Div. 150, 95 N. Y. Supp. 388) reviewed in detail each charge sustained by the referee and discussed the legal questions presented, concluding as follows:

"Substantially all the charges presented against the defendant have been established, and practically by uncontradicted and undisputed evidence, and in our opinion the acts and omissions complained of indicate a total lack of a proper appreciation of the duties and responsibilities of an attorney and counselor of the Supreme Court, and in several instances point to acts of actual criminality. * * * We are not unmindful of the fact that many of the leading and most reputable attorneys and counselors of this court in the Fourth judicial department have testified to the good standing, reputation, ability, and faithfulness of the accused as an attorney and counselor at law, and that such standing and reputation ought to be considered and given full weight when an attorney is accused of wrongdoing. If the evidence against the defendant showed only a single offense or lapse of duty, or if we were satisfied that the offenses charged were the result of mistake or inattention, or even carelessness, while we would be disposed to condemn, we might hesitate to punish; but in the case before us we are compelled to the conclusion that the conduct of the accused during the period covered by our investigation is such as to make him unfit to longer remain an accredited attorney and counselor of the Supreme Court of this state."

The opinion was concurred in by all the members of the court who voted, and the report of the referee was confirmed, and the order of disbarment entered. On appeal to the Court of Appeals the order of this court was unanimously affirmed (184 N. Y. 222, 77 N. E. 1), and an exhaustive opinion delivered on the legal questions involved. The court, in commenting on the facts, used this expressive language at page 224, 184 N. Y., page 1 of 77 N. E.:

"The essential facts are uncontroverted, and they lead unquestionably to the painful conclusion that the appellant ought not to be allowed to practice law any longer."

We have thus briefly adverted to the disbarment proceedings, in order that the gravity of the charges made and the careful consideration to which they were subjected may be comprehended. A little more than two years have elapsed since the decision of the Court of Appeals, and this court is considering an application to remove the ban which prohibited Mr. Clark from practicing the profession of law. We think it would be unwise to grant the application. The petitioner is a man of mature years, actively engaged in the practice of law for more than a quarter of a century, and in the maturity of his manhood committed the flagrant acts which culminated in his disbarment. These offending acts extended over a considerable period of time, and were not due to any sudden emotion or stress of circumstances. They were deliberately committed, and Mr. Clark justified and defended them in the various courts.

When an attorney and counselor has been found guilty of any of the offenses enumerated in section 67 of the Code of Civil Procedure,

two purposes are sought to be accomplished in removing him from office. The primary one is to rid the profession of an unworthy practitioner; the other is to warn the members of the profession of the danger flowing from unprofessional, disreputable conduct in the practice of the law. The latter object would fail of fulfillment if, after an attorney has been justly found guilty of seriously improper practices, the barrier should be lifted in two years after it had been placed across the professional pathway of the offender. A pardon following the conviction so closely would make a travesty of the proceeding, and lawyer and layman alike would be led to believe that the most culpable of offenses perpetrated by a lawyer in his professional practice are to be speedily condoned. The profession cannot be kept clean and pure, if dishonorable and criminal practices by its members are to be regarded so lightly by the courts.

We appreciate that Mr. Clark has presented to us the letters of many men, laymen as well as lawyers, urging his reinstatement. It is to his credit that a large number of his acquaintances in Genesee county, where he resided, vouch for the uprightness of his life since his disbarment. Many prominent lawyers testified before the referee in the disbarment proceeding to his high standing, and yet Clark did not deny the charges against him, culpable as they were. The witnesses in his behalf and the men now advising his restoration to practice may be influenced mainly by sympathy for the petitioner. They perhaps overlook the fact that the question has a broader significance than its personal aspect. If the possible benefit to the petitioner were the only effect of our action to be considered, we might yield to the recommendations and permit him to be reinstated. The effect of such a decision upon the profession, however, must be taken into consideration. His restoration would indicate a tendency on the part of this court to treat lightly the gravest of offenses, deliberately committed and persistently justified. The proceeding was long in the courts, it was very expensive to the county of Genesee, and the result, we believe, was just and wholesome in its influence upon the members of the legal profession and the public at large This effect would be neutralized if we should now restore the petitioner to the profession. The application should be denied.

Application denied.