# *Ex Parte* Peters.

### Petition for Reinstatement.

(Decided January 20, 1916.   70 South. 648.)

1. **Attorney; Disbarment; Conclusiveness.**—Under §§ 2991-3008, Code 1907, the judgment of the circuit court or other trial court disbarring an attorney is final and conclusive unless reversed or modified by the Supreme Court on appeal.

2. **Courts; Jurisdiction; Disbarment Proceedings.**—Under § 3008, Code 1907, the jurisdiction of the Supreme Court in disbarment proceedings is strictly appellate

3. **Attorney; Disbarment; Reinstatement.**—While the statutes are silent as to the reinstatement of attorneys against whom a judgment of disbarment has been rendered, the court which has power to disbar also has power to reinstate, and will exercise such power in proper cases.

4. **Same.**—A petition for reinstatement filed by a disbarred attorney must be, and can only be, addressed to the court which rendered the judgment of disbarment; hence, the Supreme Court has no jurisdiction of an original petition for reinstatement by an attorney who had been disbarred by the judgment of the circuit court, and such judgment affirmed on appeal by the Supreme Court.

5. **Same.**—The reinstatement of a disbarred attorney is in no sense a modification or vacation of the judgment of disbarment within the rule that judgments pass beyond the power and control of the courts after the lapse of the term at which they were rendered.

ORIGINAL petition in the Supreme Court.

M. Peters having been disbarred by a judgment of the circuit court, which judgment was affirmed on appeal to the Supreme Court, now files original petition in the Supreme Court for reinstatement. Petition dismissed.

M. PETERS, pro se. WILLIAM L. MARTIN, Attorney General, contra.

SOMERVILLE, J.—By an original petition addressed to this court the petitioner, Mathew Peters, shows that he was disbarred from the practice of law by a judgment of the circuit court of Tallapoosa county, which judgment was affirmed on appeal by this court on June 30, 1915. The prayer of the petition is that the petitioner be reinstated as a member of the bar, and restored to the privileges which he enjoyed as a licensed practitioner prior to the judgment of disbarment.

(1, 2) Under the statutes of this state (Code, §§ 2991-3008) jurisdiction of proceedings for the disbarment of licensed attorneys is vested in circuit courts, or courts of like jurisdiction. —*Withers v. State,* 36 Ala. 252; *Ex parte State Bar Ass'n,* 92 Ala. 113, 8 South. 768. In such cases the judgment of the trial court is final and conclusive, unless it should be reversed or modified by the Supreme Court on appeal. But the jurisdiction of the Supreme Court is strictly appellate.—Code, § 3308.

(3, 4) With respect to the reinstatement of attorneys against whom a judgment of disbarment has been rendered, our statutes are silent. It is, however, generally held—and properly so, we think—that a court which has the power to disbar, has also the power to reinstate, which will be exercised in proper cases. *In re Thatcher,* 83 Ohio St. 246, 93 N. E. 895, Ann. Cas. 1912A, 810, and note, 813—815; 4 Cyc. 917, 4, and cases cited. This power to reinstate is based upon the continuing jurisdiction of the court over the subject-matter and the party, and hence it is held that a petition for reinstatement must be addressed, and can be addressed, only to the court which rendered the judgment of disbarment. In the *Matter of King,* 54 Ohio St. 415, 43 N. E. 686; 4 Cyc. 918, note 4.

(5) It is hardly necessary to observe that this power of reinstatement is by no means in conflict with the general rule as to judgments; that they pass beyond the power and control of

[Ryan v. Sawyer, et al.]

the court after the lapse of the term at which they were rendered. The effect of a judgment of disbarment is merely upon the personal status of the attorney proceeded against, by withdrawing a privilege theretofore enjoyed; and the subsequent restoration of that privilege by the same court is in no sense a modification or vacation of the original judgment It is somewhat analogous to the restoration of insane persons under guardianship to a status sui juris, and other like cases, where the judgment of disability is in its nature provisional only   These observations are made in order that the exercise of the power here recognized may not be confused with the wholly different question of the modification and vacation of judgments, to which it is not germane.

The requirement above stated is supported by every consideration of policy and propriety, and we are clear in the conclusion that this court is without authority or jurisdiction to hear and adjudge the merits of this petition. If the petitioner is deserving of the relief which he seeks, involving as it does an avoidance of the judgment duly rendered by the circuit court of Tallapoosa county, he must make his application to that court, which alone has the power to act.

Let the petition be dismissed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.