**8 P.(2d) 1063**

**In re FLEMING.**

No. 3781.

Supreme Court of New Mexico.

March 19, 1932.

Caswell S. Neal, of Carlsbad, **and O. O.** Askren, of Roswell, for petitioner.

HUDSPETH, J.

J. E. Fleming has filed an application for reinstatement as a member of the bar of this court. He was admitted to practice in the courts of New Mexico on a certificate from the Supreme Court of the state of Oklahoma on January 14, 1922, and on the 26th day of August, 1927, he was disbarred. See In re Fleming, 32 N. M. 442, 259 P. 613.

It appears that prior to the entry of the judgment of disbarment the applicant had returned to Oklahoma and resumed the practise of law in that state, where he has since resided. His application for readmission states that he "has no immediate intention of returning to this state to reside, or to engage in the practice of the law." It further appears that disbarment proceedings have been commenced against the applicant and are now pending in the Supreme Court of the state of Oklahoma, and that this application for reinstatement as a member of the bar of this court was made on the theory and with the hope that a favorable decision thereon would be considered by the Supreme Court of the state of Oklahoma in the pending disbarment proceedings.

An application for reinstatement of an attorney, after the judgment of disbarment has become final, "must be treated as an application for admission to practice and not as an application to vacate the order of disbarment." Danford v. Superior Court, 49 Cal. App. 303, 193 P. 272, 274; In re Cate (Cal. App.) 270 P. 968.

In Ex parte Peters, 195 Ala. 67, 70 So. 648, 649, the court said: "It is hardly necessary to observe that this power of reinstatement is by no means in conflict with the general rule as to judgments; that they pass beyond the power and control of the court after the lapse of the term at which they were rendered. The effect of a judgment of disbarment is merely upon the personal status of the attorney proceeded against, by withdrawing a privilege theretofore enjoyed; and the subsequent restoration of that privilege by the same court is in no sense a modification or vacation of the original judgment. It is somewhat analogous to the restoration of insane persons under guardianship to a status sui juris, and other like cases, where the judgment of disability is in its nature provisional only. These observations are made in order that the exercise of the power here recognized may not be confused with the wholly different question of the modification and vacation of judgments, to which it is not germane."

The applicant, a nonresident, has submitted to us communications from members of the bench and bar and other officials and residents of the state of Oklahoma, who vouch for the uprightness of the applicant's life and his ethical conduct as a lawyer during the past seven years, which constitute a good ex parte showing, but it will not be necessary for us to consider the character of the applicant in deciding this matter. Aside from the question of his moral reformation, an applicant for reinstatement must otherwise be eligible to admission to the bar. One of the requisites is that the applicant shall be a bona fide resident of this state. 1929 Comp., § 9-119. The application should be denied, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and SADLER, JJ., concur.