156 So. 638

## STEPHENSON v. STATE.

### 6 Div. 577.

Court of Appeals of Alabama.
May 15, 1934.

Rehearing Denied June 5, 1934.

Davis & Curtis, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was charged by indictment with having forged a paper or document purporting to be the last will and testament of one J. B. Sherer, deceased. The will was introduced in evidence and was admitted to have been prepared by the defendant. It is also admitted that the witnesses appearing on the will did not sign the same in the presence of the testator, or at his request, but their signatures as witnesses were procured by defendant. This, of course, rendered the purported will void and of no effect.

It is contended by defendant, and he offers testimony tending to prove, that the paper or will was prepared by defendant at the request of and from data furnished by the testator; that Sherer signed the will by mark and instructed defendant to take the will and procure two witnesses to sign as such and return it to him; that defendant did as he was requested, and when he had obtained the signatures of the two witnesses, he delivered the will to Sherer; and that after Sherer's death the will was found among his papers. If this were all, the state would have failed in its case.

On the other hand, there were some facts and circumstances tending to prove, and from which inferences might be drawn, that the defendant drew the will at the instance and instigation of one Walter Sherer, a nephew of J. B.; that the necessary facts for drawing the will were furnished by Walter; and that after the death of J. B. the wife of Walter placed the will in a bureau drawer among some old paper, where she afterwards found it and turned it over to one of the beneficiaries. The will was introduced in evidence and purported to have been attested by Ben Norris and Will Ward. There was evidence tending to prove that Norris had signed his name at the request of defendant, but not in the presence of the testator. There was evidence tending to prove that Ward had not signed, but that his name had been signed as a witness by defendant without authority.

To constitute the valid execution of a will, it must be signed by the testator or under his direction and be attested by two witnesses, who must subscribe their names thereto in the presence of the testator. Code 1923, § 10598.

So that a valid signature to a will consists of the name of the testator, signed by him or under his direction, and the signature of two attesting witnesses. In the absence of either of the above the instrument would not be such a document as would support a prosecution for forgery. The instrument alleged to have been forged must have the capacity to injure or defraud. Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am. St. Rep. 37.

Conceding that the evidence is without dispute as to the signing by the testator and one witness, there is evidence tending to prove that this defendant signed the name of the witness Ward as a witness without Ward's knowledge and consent, and this last being a necessary part of the signature to a will, if it was done with a fraudulent intent, then the defendant would be guilty.

The evidence being in conflict, the general charge was properly refused.

When all the facts and circumstances are taken and considered and the inferences to be drawn therefrom, we are of the opinion that the facts present a question for the jury.

The judgment is affirmed.

Affirmed.