10 So.2d 1

## In re STEPHENSON.

### 6 Div. 50.

Supreme Court of Alabama.

Oct. 8, 1942.

J. L. Stephenson, of Parrish, pro se.

Jas. W. Aird, of Birmingham, for Board of Commissioners.

344

THOMAS, Justice.

This cause is before this court on petition for review of the decision of the Board of Commissioners of the Alabama State Bar in denying appellant's petition for reinstatement to practice as an attorney before the Bar of Alabama.

Petitioner was convicted by a jury on July 13, 1933, of second degree forgery, and sentenced to the penitentiary for a period of not less than two years, nor more than four years. Application for certiorari to this court was denied October 11, 1934. Stephenson v. State, 26 Ala. App. 175, 156 So. 638, 639. Petitioner commenced serving his sentence November 1, 1934, was granted temporary parole of six months in March, 1935, and was permanently paroled in September, 1935. Petitioner received full pardon on August 18, 1936, with restoration of civil and political rights. By order of two judges of the Fourteenth Judicial Circuit, petitioner was disbarred July 13, 1936. Code of 1923, § 6256, Code 1940, T. 46, § 49. Thereafter, petitioner filed in the circuit court for the Fourteenth Judicial Circuit his petition for reinstatement as an attorney at law. Subsequently this court rendered the following opinion on appeal of this application:

"The order in the case was final and was a judgment from which appeal may be taken. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; In re Fite, 228 Ala. 4, 152 So. 246.

"We have examined the record. The restoration of an attorney to the privilege to pursue his vocation, as an attorney at law, and in that sense as an officer of the the court, is dependent upon many material considerations, which tend to hold that profession in the high standing it has attained.

"The fact of his pardon by the Governor and the restoration of his full civil and political rights has not the effect of restoration to him of the privilege to practice his profession as a member of the bar.

"*The application should be made to the duly constituted authorities to consider his present quality of mind, character, qualifications and fitness for the* discharge of his duties before the courts, and to the clients whom he may represent and the upholding of the dignity of the profession in the eyes of the public of which the profession is an important agency.

"The judgment of the trial court is affirmed.

"Affirmed." [Italics supplied.]

Ex parte Stephenson, 237 Ala. 488, 187 So. 461.

In Ex parte Peters, 195 Ala. 67, 70 So. 648, 649, this court through Mr. Justice Somerville, said:

"Under the statutes of this state (Code, §§ 2991–3008) jurisdiction of proceedings for the disbarment of licensed attorneys is vested in circuit courts, or courts of like jurisdiction. Withers v. State, 36 Ala. 252; Ex parte State Bar Ass'n, 92 Ala. 113, 8 So. 768 [12 L.R.A. 134]. In such cases the judgment of the trial court is final and conclusive, unless it should be reversed or modified by the Supreme Court on appeal. But the jurisdiction of the Supreme Court is strictly appellate. Code, § 3008.

"With respect to the reinstatement of attorneys against whom a judgment of disbarment has been rendered, our statutes are silent. It is, however, generally held— and properly so, we think—that a court which has the power to disbar, has also the power to reinstate, which will be exercised in proper cases. In re Thatcher, 83 Ohio St. 246, 93 N.E. 895, Ann.Cas.1912A, 810, and note, 813–815; 4 Cyc. 917, 4, and cases cited. This power to reinstate is based upon the continuing jurisdiction of the court over the subject-matter and the party, and hence it is held that a *petition for reinstatement must be addressed, and can be addressed, only to the court which rendered the judgment of disbarment.* In the Matter of King, 54 Ohio St. 415, 43 N.E. 686; 4 Cyc. 918, note 4." Italics supplied.

In McCord v. State ex rel. Allen et al., 220 Ala. 466, 126 So. 873, 874, it was held

that in "proceeding for disbarment of attorney at law, formal and technical pleading is not essential."

Code 1940, T. 46, §§ 49, 50. In Code 1940, T. 46, § 28, it is provided as follows:

"The causes of removal or suspension of attorneys, and methods of proceeding in reference to such removal or suspension are hereby declared to be cumulative with the right and power herein given to the board of commissioners to reprimand, suspend, exclude, or disbar attorneys. (1923, p. 100.)

"Applied in Ex parte Thompson, 228 Ala. 113, 152 So. 229 [107 A.L.R. 671]; In re Fite, 228 Ala. 4, 152 So. 246."

On March 1, 1941, the petitioner appeared before the Grievance Committee of the Alabama State Bar, and was there examined at length on matters relating to his conduct subsequent to his disbarment. Volume Two of the testimony taken before the Grievance Committee of the Alabama State Bar on March 1, 1941, states the salient facts.

Thereafter the Grievance Committee of the Board of Commissioners of the State Bar filed a report in accordance with Rule C of the rules Governing the Conduct of Attorneys in Alabama, as promulgated by the Board of Commissioners, and approved by the Supreme Court of Alabama.

It will here be noted that rule C approved by this Court on June 11, 1940, is as follows:

"Rules Governing Petitions for Reinstatement of persons who have been suspended, disbarred, or otherwise excluded from the practice of law.

"Any person who has been suspended, disbarred, or otherwise excluded from the practice of law, may thereafter file with the Secretary six copies of a sworn petition for reinstatement addressed to the Board. The Secretary shall send a copy thereof to each member of the Grievance Committee and shall retain one copy in his office. The Grievance Committee is empowered to make such investigation and require the production before it of such facts, data and proof as it may deem essential to enable it to determine whether it should or should not recommend the granting of such petition. The recommendation of such committee shall be filed with the Secretary. After the recommendation of such Committee, the Board shall, in executive session at which no person not a member of the Board is present, consider the said petition, together with the recommendation of the Grievance Committee, and any affidavits or other proof that may be offered in support of such petition. The decision of the Board shall be expressed by resolution entered upon its record. A copy of such resolution shall be kept in the Secretary's office, and a copy shall be mailed by the Secretary to the petitioner, and a copy to the Judge or Judges of the Judicial Circuit in which the petitioner resides to be spread upon the minutes of the Circuit Court of the County of petitioner's residence and a copy to the Clerk of each Federal District Court in Alabama, the Clerk of the United States Circuit Court of Appeals for the 5th Circuit and to the Clerk of the United States Supreme Court.

"A petition for reinstatement having been denied, no more than one additional petition from such person may be received, filed, or considered. Provided, that from the decision of the Board of Commissioners the petitioner shall be entitled to an appeal to the Supreme Court of Alabama as provided by Rule No. 28 of Section B."

The instant proceeding, judgment and appeal are had, entered, taken and submitted in this court under such amended and approved rules. This present rule, now in effect, supersedes the observation hereinabove set forth from the Peters case. Ex parte Peters, 195 Ala. 67, 70 So. 648, supra.

Under this appeal we are confronted with the legal effect of petitioner's pardon of the crime for which he was convicted, and the restoration of his civil and political rights. It was held by this court and by the Supreme Court of the United States, on which point all authorities concur, that [Ex parte Garland, 4 Wall., 333, at page 380, 18 L.Ed. 366]:

"A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.

"There is only this limitation to its operation: it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment."

Such was the holding of this court in this case when before us on former appeal in Ex parte Stephenson, 237 Ala. 488, 187 So. 461, the opinion in said case being hereinbefore set out in full. That is to say, the pardon and restoration of his political and civil rights do not of themselves restore the petitioner to the office of an attorney. They merely open the door that would otherwise be barred to him.

In the case of In re Kaufmann, 245 N.Y. 423, 157 N.E. 730, 733, the Court of Appeals of New York, speaking to the point under consideration here, through Mr. Chief Justice Cardozo, said: " * * * Precedents cited to the contrary hold no more than this, that reinstatement will not follow automatically from pardon without more. People ex rel. Johnson v. George, 186 Ill. 122, 57 N.E. 804. There must be convincing proof of innocence before pardon will restore to the fellowship of the bar. Even innocence of crime will not suffice if there has been a failure to live up to the standards of morality and honor. Pardon does no more than open the door to an inquiry that would otherwise be barred. That much, however, it does. Courts do not forget 'that under the most correct administration of the law, men will sometimes fall a prey to the vindictiveness of accusers, the inaccuracy of testimony, and the fallibility of jurors.' Kent, Comm. 1, § 284. For this as well as other reasons the power to pardon is bestowed on the executive. For this, the statute says that upon pardon or reversal the power to reinstate shall be vested in the courts."

A prerequisite to the admission to the bar is a good moral character. Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; Ex parte Stephenson, 237 Ala. 488, 187 So. 461; State v. Riddle, 213 Ala. 430, 105 So. 259; Rules governing admission to the Bar of Alabama, adopted and promulgated by the Board of Commissioners of the Alabama State Bar, as adopted January 19, 1934, and as subsequently revised June 6, 7, 1934. It may well be observed that an application for reinstatement of an attorney, after the judgment of disbarment has become final, must be treated as an application for admission to the practice, and not as an application to vacate the order of disbarment. Such is the spirit as well as the wording of our decisions and rules that obtain. Such are the holdings of the general authorities. In re Fleming, 36 N.M. 93, 8 P.2d 1063; Danford v. Superior Court, 49 Cal.App. 303, 193 P. 272, 274; In re Cate, Cal.App. 270 P. 968; In our cases—Ex parte Peters, 195 Ala. 67, 70 So. 648; Ex parte Stephenson, supra.

The general rule applicable to petitions for reinstatement to the bar is thus stated in 6 Corpus Juris, p. 615, § 97: " * * * The decisive question of such an application is whether the applicant is of good moral character in the sense in which that phrase is used when applied to attorneys at law, and is a fit and proper person to be entrusted with the privileges of the office of an attorney. [In re Simpson, 11 N.D. 526, 93 N.W. 918; In re Thatcher, 83 Ohio St. 246, 93 N.E. 895, Ann.Cas. 1912A, 810]. * * *." See, also, 7 C.J.S., Attorney and Client, § 41.

In the case of Matter of Palmer, 9 Ohio Cir.Ct.R. 55. 70; Id., 15 Ohio Cir.Ct.R. 94, the test for reinstatement is laid down as follows: "Looking at the life and conduct of the attorney prior to the disbarment, and the reasons for the disbarment, have his life and conduct since that time been such as to satisfy the court that if restored to the bar he will be upright, honorable and honest in all his dealings? Will his restoration to the bar be compatible with a proper respect of the court for itself and with the dignity of the profession?"

See also Matter of Clark, 128 App.Div. 348, 350, 112 N.Y.S. 777; In re Weed, 28 Mont. 264, 72 P. 653; In re Egan, 24 S.D. 301, 123 N.W. 478.

In the case of In re Thatcher, 83 Ohio St. 246, 251, 252, 93 N.E. 895, 896, Ann. Cas.1912A, 810, the court said: " * * * Character building does not appear to be an instantaneous process, and conduct thus briefly outlined came as the fruition of more than twenty years of the professional life he lived. Common observation forbids the assumption that virtues develop more rapidly than vices. It was observation upon persistency in wrongdoing by those who are accustomed to it that suggested to the prophet the unchangeable colors of the leopard's spots."

The District Court of Appeals, laying down the rule for the test of character justifying reinstatement in the ranks of the legal profession, said in the case of In re

Stevens, 59 Cal.App. 251, 210 P. 442, 443, that: "We do, however, feel the pressure of the evident truth that one who has been guilty of the acts which he has committed should not be reinstated in the ranks of the legal profession except upon the most clear and convincing, nay, we will say upon overwhelming, proof of reform—proof which we could with confidence lay before the world in justification of a judgment against installing him in the profession which he has so flagrantly disgraced."

The leading case of In re Cate, 60 Cal. App. 279, 212 P. 694, 697, contains a review of the authorities, both in the State of California and elsewhere. Speaking through Mr. Justice Works, the court said, among other things: "* * * It is our duty to scan carefully every application of a disbarred attorney for reinstatement. It is our duty to acknowledge the possibility that every wrongdoer may reform, and to allow a reinstatement in every case in which a genuine reform is shown, yielding some consideration to petitions for reinstatement purely from the standpoint of the petitioner, but viewing them more broadly from the standpoint, of the rights and needs of that public which deserves an adequate protection from the grafts and peculations of dishonest lawyers. Our duty goes no further."

We quote, also, from the enlightening case by the Supreme Court of Montana, 62 Mont. 534, 205 P. 667, of In re O'Keefe, in which the court observed:

"Per Curiam. On October 7, 1918, petitioner R. E. O'Keefe was disbarred from the practice of law in this state. 55 Mont. 200, 175 P. 593. He has petitioned for reinstatement, and a careful investigation and review of his case has been made by us so as to avoid any possible injustice. The Attorney General was directed to make full investigation and report as to protests against petitioner's reinstatement, and his moral fitness to practice law, which has been done, and a complete report made and filed herein by the Attorney General. We have given the petitioner every consideration, realizing his sad plight, and that to this court alone may he appeal for relief. Our disposition is forgiving, but we have a solemn duty to the profession and the public, which must be performed without regard to feelings of sympathy. The petitioner has been given every opportunity.

"* * * We do not believe he is possessed of the moral conceptions requisite for the practice of law, and his petition is therefore denied."

The removal of an attorney from the practice of law under Paragraph 1 of § 6256, Code of 1923, Code 1940, T. 46, § 49, subd. 1, has the legal effect of forbidding him to practice law. If such disbarred attorney thereafter engages in practice in willful disobedience of the order removing him, he is guilty of a criminal offense. See General Acts of Alabama, Regular Session 1931, p. 606, Code 1940, Tit. 46, § 42. Furthermore, after an attorney have been disbarred or suspended from the practice of law, if he then engages in the practice of the law, he is guilty of a violation of Rule 10 of Section A of the Amended Rules Governing the Conduct of Attorneys in Alabama, promulgated by the Board of Commissioners and approved by the Supreme Court of Alabama on June 11, 1940.

A large amount of evidence has been introduced both by the petitioner and by the attorney for the Board, all of which has been considered with the petition. Applying the law as hereinabove stated to the facts of this case, the Grievance Committee of the Board of Commissioners of the State Bar reached the conclusion that the petition of John L. Stephenson for reinstatement as a lawyer and for the privilege of again engaging in the practice of law should be denied. In this judgment we concur. He has a second chance, however, for reinstatement under the statute and rules that obtain, dependent on the subsequently accruing facts, if he is found worthy of reinstatement. It is to be regretted that he practiced law after his disbarment in the several divorce cases when he sought to help his relations and friends with but little compensation.

We have examined the record in full and are in accord with the finding of the State Bar. The judgment of the commissioners is affirmed.

Affirmed.

All the Justices concur.