## In re Harold C. Rains, Jr.

### 346 S. W. 2d 195

Dissenting opinion delivered May 8, 1961.

Ed. F. McFaddin, Associate Justice, dissenting. In the per curiam opinion from which I dissent, the majority has reinstated Harold C. Rains, Jr. to the practice of the law. I find myself in disagreement with the policy and procedure which the majority has taken in this case, and a brief review of the facts is necessary. By Constitutional Amendment No. XXVIII, adopted in 1938, the People of Arkansas clothed this Court with the broadest possible power over attorneys and the practice of the law. The Amendment says: ''The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law.'' Pursuant to that Amendment, this Court, on April 24, 1939, promulgated certain rules, the second of which says: ''The Court shall appoint a committee of seven lawyers . . . to serve at the pleasure of the Court to assist the Court in enforcing these rules.'' This Committee we have always called the ''Bar Rules Committee,'' and to it we have usually referred matters for the investigation of the professional conduct of attorneys.

Some time in 1954, we referred to the Bar Rules Committee a complaint about the conduct of Harold C. Rains, Jr. He had the privilege, at that time, of insisting on a formal trial before a circuit or chancery court, as provided in our said rules. Instead, he elected to voluntarily surrender his license and to be permanently disbarred from the practice of law. Such an order was entered in the November 1954 Term of this Court. In the May 1956 Term, he asked for reinstatement, and it

was denied. Subsequently, he filed another application for reinstatement. We referred the matter to the Bar Rules Committee for investigation. Testimony was taken, witnesses heard, and the Bar Rules Committee, by a majority vote, recommended against the reinstatement. A majority of that Committee has twice reported to us adversely to the reinstatement of Mr. Rains. Now, this Court is going contrary to the recommendations of the Bar Rules Committee and reinstating Mr. Rains. I see no need to have a committee of excellent and outstanding lawyers to hear the evidence and make recommendations to us unless we are going to follow their recommendations; and so the first reason for my dissent is that I would not overrule the recommendations of the Bar Rules Committee.

I desire to go a step further and state what I think our standard procedure should be. We have another committee called the "State Board of Bar Examiners" whose duty it is to examine all applicants for the practice of the law to see if they possess the necessary legal qualifications. Nearly seven years have passed since Mr. Rains was disbarred. His disbarment has become final, and his application for reinstatement must be treated as an application for admission to practice law. Therefore, the course this Court should pursue is to refer his application to the State Board of Bar Examiners for investigation as to his *moral character and legal qualifications*. If his moral character is found satisfactory, then the State Board of Bar Examiners can permit him to take the Bar Examination; and if he passes that examination, then he can be re-admitted. After a lapse of nearly seven years, it must be recognized that there have been so many tremendous changes in the law that what was known seven years ago may be entirely erroneous of the present law. The point I am making is that an application for reinstatement is really an application to be re-admitted to the practice.

In the case of *In re Fleming*, decided by the Supreme Court of New Mexico in 1932, and reported in 36

N. M. 93, 8 Pac. 2d 1063, a disbarred attorney filed application for reinstatement and the Court used this language: "An application for reinstatement of an attorney, after the judgment of disbarment has become final, 'must be treated as an application for admission to practice and not as an application to vacate the order of disbarment.' *Danford* v. *Superior Court,* 49 Cal. App. 303, 193 Pac. 272, 274; *In re Cate,* (Cal. App.) 270 P. 968." In *Ex parte Marshall* (1933), 165 Miss. 523, 147 So. 791, I find this statement: "Of course, the requirements for reinstatement are the same as for original admission to the bar . . ." And in *Ex parte Montgomery* (1947), 249 Ala. 378, 31 So. 2d 85, I find this statement: "An application for reinstatement of a disbarred or suspended attorney has been likened to an application for admission to practice . . ."

So, as a matter of policy and procedure, I submit that the procedure this Court should pursue in this case is to refer Mr. Rains' application to the State Board of Bar Examiners, who will then investigate his moral qualifications; and, if found satisfactory, the Board will permit him to take the bar examination. If he can pass the examination, then he can be admitted to practice. By acting as it is in this case, the majority is setting aside its previous order of disbarment entered at Mr. Rains' own personal request, and re-admitting him to the practice without any examination of any kind. By the same token, the majority could find any person who desires to practice law and admit him to practice without any examination. I am confident that the People of Arkansas, in passing Amendment XXVIII, expected us to make "rules"; and the rules that we have made envisage that a person seeking to practice law must pass the bar examination.

So far as I recall, there has been only one other case of reinstatement granted since I have been a member of this Court, and it was under most exceptional circumstances. In 1943, when the Second World War was in progress, a man who had been disbarred only a

586

short time claimed that he was to enter the service of his country and he wanted the stigma of disbarment removed. His reinstatement under such circumstances certainly has not set a precedent. There is no need for me to cite authorities; but I want the reasons for my dissent preserved as a matter of record; and I am authorized to state that Mr. Justice HOLT joins in this dissent.