Arthur C. STEERE, Appellant,

v.

STATE BAR OF TEXAS, Appellee.

No. 16358.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 27, 1974.

Rehearing Denied July 18, 1974.

See also Tex.Civ.App., 510 S.W.2d
411.

Arthur C. Steere, pro se.

Michael L. Graham, Houston, Davis Grant, Austin, for appellee.

EVANS, Justice.

Appellant, Arthur C. Steere, by judgment of the 129th Judicial District Court of Harris County, Texas, effective January 31, 1969, was disbarred as an attorney at law. See Steere v. State of Texas, 445 S.W.2d 253 (Tex.Civ.App.—Houston [1st Dist.], writ dism'd w.o.j.).

This is an appeal from an order entered by the same court dated February 28, 1974,

denying appellant's petition for reinstatement after disbarment which had been filed pursuant to Sections 32 and 33 of the Rules Governing the State Bar of Texas. Title 14 App. art. 12, Vol. 1–A, pp. 384–385, Vernon's Annotated Civil Statutes.

The Rules referred to above governing reinstatement of disbarred members provide as follows:

"Section 32. Petition for Reinstatement after Disbarment

"At any time after the expiration of five years from the date of final judgment of disbarment of a member, he may petition the District Court of the county of his residence for reinstatement. The petition shall allege in substance that petitioner at the time of filing is of good moral character, and since his disbarment, has been living a life of generally good conduct, and that he has made full amends and restitution to all persons, if any, naming them, who may have suffered pecuniary loss by reason of the misconduct for which he was disbarred. The petition shall state the name and address of the Chairman of the District Grievance Committee and the name and address of the Secretary of the State Bar.

"Section 33. Notice, Hearing and Judgment

"The court shall examine the petition and, if satisfied that it states sufficient grounds to authorize reinstatement under these rules, shall fix by order endorsed on the petition a time and place for a hearing, and shall direct the clerk to serve each of the parties required to be named in the petition, by mailing to each of them by registered mail, return receipt requested, a certified copy of such petition and order. Thereafter, in term time or vacation, after the expiration of not less than fifteen days from the date of mailing of such notices, the court shall proceed without the aid of a jury to hear testimony both for and against

the petitioner. Any of the parties named in such petition may contest the granting of such petition and may introduce evidence in opposition. If the court is satisfied that all the material allegations in the petition are true and that the ends of justice will be subserved, the court may reinstate the petitioner and enter judgment accordingly.

"No judgment of reinstatement shall be entered by default, but the court in all cases shall hear evidence on such petition before rendering judgment. Either party to such hearing shall have the right of appeal from the judgment as provided in this Article. After final judgment granting reinstatement, the petitioner shall furnish both the Clerk of the Supreme Court and the Secretary of the State Bar a certified copy of such judgment, and shall pay all membership dues for the current fiscal year. His name, as a member of the State Bar, shall be entered then on the rolls of the Clerk of the Supreme Court."

■ In view of the nature of this proceeding, we have decided to give due consideration to all of appellant's points and arguments notwithstanding that his amended brief is not in compliance with the provisions of Rule 418, Texas Rules of Civil Procedure. Walker v. Bedell, 320 S.W.2d 913 (Tex.Civ.App.—Texarkana 1958, n.w. h.); Rule 422, T.R.C.P.

■ Appellant first complains that his motion for reinstatement should have been heard and determined by the same trial judge who heard the original disbarment proceeding. Section 32 of the State Bar Rules provides that the disbarred member "may petition the District Court of the county of his residence for reinstatement"; it does not provide that the petition must be filed and heard by the same district judge who rendered the disbarment judgment.

■ The judgment from which this appeal was taken was signed and entered by the Honorable R. W. Williford as Presiding Judge of the 129th Judicial District Court of Harris County, Texas. The record is silent as to his appointment and selection and his judicial authority must be presumed on this appeal. See Johnson v. Willacy County Water Control & Imp. Dist., 136 S.W.2d 877 (Tex.Civ.App.—San Antonio 1940, n.w.h.). Judge Williford properly signed and entered his judgment as Presiding Judge of the 129th Judicial District Court. See also McDonald, Texas Civil Practice, Vol. 1, Sections 1.29 and 1.-30, pp. 124–131; Article 199, Section 11, Vernon's Ann.C.S.; Rule 330, T.R.C.P.; Boyles v. Cohen, 230 S.W.2d 604 (Tex. Civ.App.—Galveston 1950, writ ref'd n.r. e.); Mullins v. Mullins, 300 S.W.2d 133 (Tex.Civ.App.—Galveston 1957, no writ hist.) We overrule these points of appellant.

■■ We next consider appellant's contention that he had no notice that his petition would be contested and that the answer to his petition filed on the date of hearing by the State Bar of Texas was not timely filed. The State Bar Rules governing the hearing of a petition for reinstatement after disbarment do not prescribe any time period for filing response to the petition for reinstatement. Section 33 does provide that no judgment of reinstatement shall be entered by default and that the court in all cases shall hear evidence on the petition before rendering judgment. We note that in paragraph III of his petition appellant recites that the State Bar may resist the investigation and consideration of his petition. It appears that appellant reasonably anticipated the State Bar would participate and present evidence at the hearing and its answer constituted a general denial and special exceptions to appellant's petition. Appellant was permitted to amend his petition and we find no reversible error presented under this point.

■ Appellant next complains that the trial court erred in permitting appellee to introduce in evidence "fragments of court

files" from other proceedings. Over his objection that the entire record in the other proceedings should have been offered, the trial court admitted in evidence the plaintiff's original petition in Cause No. 906,315 styled The State Bar of Texas v. Arthur C. Steere, in the 165th Judicial District Court of Harris County, seeking to enjoin appellant from filing lawsuits and harassing members of the State Bar and the Judiciary; the order granting a temporary injunction in said cause dated May 11, 1972; a motion for contempt asserting that appellant had violated said injunctive order by filing a suit in the nature of a bill of review seeking to set aside the original disbarment suit; an order of commitment finding appellant guilty of contempt of court dated March 26, 1973; an order of the United States District Judge for the U. S. District Court of the Southern District of Texas, Houston Division, dated October 26, 1973 in Civil Action No. 75–H–1146, styled Arthur C. Steere v. The State Bar of Texas, and appellant's vituperative motions in response to such order. We find no error of the trial court in admitting these documents in evidence. Appellant was at liberty to offer documentary exhibits consisting of other parts of the record from such proceedings but did not choose to do so. Appellant's contention on this point is overruled.

Appellant next complains that the trial court failed to read and consider the matters stated in his petition for reinstatement and the entire record of the disbarment proceedings. Appellant also complains that the only evidence offered on the hearing was from witnesses who were hostile to his petition for reinstatement. Appellant called four witnesses to testify at the hearing. Two of these witnesses testified in effect that they did not have knowledge pertinent to the inquiry before the court.

One of the remaining witnesses, the Honorable Vincent W. Rehmet, President of the Houston Bar Association and a former prosecutor in appellant's disbarment proceedings, testified in response to appellant's questioning as follows:

"Q  I will ask you. . . . You have been observing me about seven years. Are you aware of anything that is amoral or immoral?

". . . .

"A  With the standpoint that you have, the respect that the lawyer should have for the Court and the Judge and fellow lawyers and his clients you have no idea and have never understood your duties as a lawyer to your clients and your duty to the courts or anybody else, Mr. Steere, and from that I feel you do not have the necessary moral fiber or conception of what a lawyer is supposed to do and how to conduct his law practice to practice law and that is the reason you got in trouble and lost your license."

The remaining witness, the Honorable John Leroy Jeffers, former President of the State Bar of Texas, was called as a witness by appellant and testified as follows:

"Q  (Mr. Steere) What is your idea. . . . They are charging me with being immoral, with a lack of moral character, and I have been living a life of generally good conduct. That is what they are saying in their paper here and they want the judge to refuse to reinstate me. Do you know anything about me that is immoral?

"A  No, sir, only what I have heard.

"Q  What is the reputation you have gleaned from the State Bar?

"A  Do you really want me to answer that, Mr. Steere?

"Q  Why not?

"A  Well, certainly. Your reputation among the members of the bar is not good.

"Q   What is wrong with me?

"A   It has been the reputation of a lawyer who has been disbarred and after being disbarred has harassed the courts, harassed the officials of the State Bar, harassed possible officials and harassed attorneys, their families, and it hasn't been a reputation of a responsible ethical lawyer and I am speaking of reputation only. I have no personal knowledge of you.   .   .   .   on reputation only."

■ The record does not reflect that the trial court failed or refused to consider the pleadings and evidence introduced before it at the hearing, but on the contrary it appears that the trial court fully considered all matters presented, both upon the hearing and upon appellant's motion for new trial. There is no showing whatsoever that appellant was prevented from calling any witness to testify on his behalf at the hearing or from offering any further evidence in support of his petition.

In its findings of fact, the trial court found that subsequent to his disbarment on January 31, 1969 appellant has filed numerous lawsuits against the State Bar of Texas, its officers and members and against various judges who had presided over such litigation and appeals therefrom; that appellant had accused various officers of the State Bar, various judges, both trial and appellate, federal and state, of fraud and various other crimes, all of which allegations the trial court found were without basis or fact and that appellant had offered no proof or support of such allegations; that on numerous occasions appellant had engaged in a course of conduct constituting harassment of officers of the State Bar, their families and attorneys representing the State Bar and their families; that appellant had been found guilty of contempt by reason of his disobedience of the above referred injunctive order and as

punishment the court had ordered his confinement in the county jail of Harris County for a period of thirty days; and that appellant had not been living a life of generally good conduct since the date of his disbarment. The trial court's conclusion of law was that appellant was not entitled to reinstatement.

■ In order to be entitled to reinstatement after disbarment, an applicant must demonstrate that his reinstatement would be in the public interest; he must establish his fitness to practice law and that he is mentally qualified for readmission. The disbarment judgment and proceedings have bearing only with respect to the determination of the applicant's petition for reinstatement; it does not avail the applicant to attack the validity of the disbarment proceedings on such hearing. The burden is on the applicant to establish by positive evidence that he then possesses fitness and good moral character which will make him a trustworthy and honorable member of the Bar; in brief he must prove that he has become "worthy of reinstatement." See authorities collated in 70 A.L.R.2d 268. The record is devoid of any evidence of moral rehabilitation or reformation of appellant's attitude subsequent to the time of his disbarment. See Application of Grimes, 494 P.2d 635 (Okl.Sup. 1971); State ex rel. Nebraska State Bar Assoc. v. Butterfield, 172 Neb. 645, 111 N.W.2d 543; Roth v. State Bar, 40 Cal.2d 307, 253 P.2d 969 (1953); In re Stephenson, 243 Ala. 342, 10 So.2d 1, 143 A.L.R. 166 (1942); In re Eagan, 52 S.D. 394, 218 N.W. 1 (1928). Appellant failed to sustain his burden of proving the allegations of his petition for reinstatement.

The statement of Chief Justice Murray in State v. Arnett, 385 S.W.2d 452 (Tex. Civ.App.—San Antonio 1964, writ ref'd n. r.e.), is pertinent here:

"In the face of these findings we are unable to say that appellee has been living a life of generally good conduct

since he was disbarred on August 15, 1956, and has made full amends and restitution to all persons who may have suffered pecuniary loss by reason of the misconduct for which he was disbarred. This is what the law requires before a person who has been disbarred can be reinstated. When a disbarred attorney applies for reinstatement to the status of practicing attorney, the burden is upon him to show that he is entitled to be reinstated and is not upon the State to show the contrary.

". . . .

"The right to practice the profession of law is a very great privilege, and where a person has abused such privilege to the extent that he has been permanently disbarred from the legal profession, he should not be reinstated unless he has strictly complied with the provisions of the statutes and State Bar Rules relating to reinstatement."

■ Appellant made no request for additional findings of fact and the trial court's judgment must be sustained if it has support in the evidence. Sanders v. Sanders, 469 S.W.2d 313 (Tex.Civ.App.— Houston [14th Dist.] 1971, error dism'd). We find there is evidence in the record to support the trial court's findings and its conclusion that appellant is not entitled to reinstatement.

■ Appellee has filed a motion to strike portions of appellant's brief which it asserts "contains gratuitous insults couched in intemperate language and directed toward attorneys in this cause, witnesses and appellate trial courts in the State of Texas." We deny this motion for the reason that we can perceive no ultimate purpose to be served by a partial expunging of the record.

The judgment of the trial court is affirmed.

COLEMAN, C. J., not participating.