572 So.2d 424 (1990)
Cecil Wilbur ELLEDGE, Jr.
v.
ALABAMA STATE BAR.
89-1107.
Supreme Court of Alabama.
November 16, 1990.
*425 David E. Hampe, Jr., Birmingham, for appellant.
Robert W. Norris, Gen. Counsel, Alabama State Bar, for appellee.
HOUSTON, Justice.
Cecil Wilbur Elledge, Jr., appeals from a decision of the Disciplinary Board of the Alabama State Bar ("the Board") denying him reinstatement to the practice of law. We affirm.
On April 9, 1984, Elledge was disbarred. Elledge's first petition for reinstatement to the practice of law, filed in 1988, was denied. His second petition for reinstatement, filed in 1989, was denied after a hearing before the Board. At the hearing, besides Elledge's own testimony, he presented the testimony of his daughter and certain family friends as character witnesses, and he presented 14 letters of recommendations (from personal friends, other lawyers, his pastor, the clerk of the Tenth Judicial Circuit, and 2 judges). The Board also had before it two letters from the Birmingham Bar Association opposing Elledge's reinstatement, a copy of a 1982 order in a separate matter suspending Elledge from the practice of law for a period of three months and one day,[1] and a copy of United States v. Elledge, 723 F.2d 864 (11th Cir.1984), an opinion in Elledge's appeal from a conviction of conspiracy to import marijuana and a conviction of conspiracy to possess with intent to distribute marijuana. Elledge appeals from the Board's decision denying his second petition for reinstatement to the practice of law.
We recognize that "`[t]he right to practice law is a valuable property right, which can be denied only by due process of law.'" Ex parte Grubbs, 542 So.2d 927, 930 (Ala. 1989), quoting from Reese v. Board of Commissioners of the Alabama State Bar, 379 So.2d 564, 569 (Ala. 1980). We are concerned with that property right and with procedural due process in appeals from original disbarment cases, Bonner v. Disciplinary Board of the Alabama State Bar, 401 So.2d 734 (Ala.1981). In the original proceeding the burden of proof is on the Bar's counsel to prove facts sufficient to justify a decision by the Board to disbar; however, once an attorney has been properly disbarred, he has been divested of that property right by due process of law.
Rule 19(c), Rules of Disciplinary Enforcement of the Alabama State Bar ("the Rules"), provides as follows:
"At the hearing [on a petition for reinstatement] the petitioner shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications to practice law in this State and that his resumption of the practice of law within the State will not be detrimental to the integrity and standing of the Bar or the administration of justice, or subversive of the public interest."[2]
*426 Our analysis of Rule 19(c) convinces us that the Bar's counsel has no obligation to offer any evidence in reinstatement proceedings. See, Bonner v. Disciplinary Board of the Alabama State Bar, supra. Rather, the burden of proof in reinstatement cases is on the disbarred attorney to prove by clear and convincing evidence that he is entitled to reinstatement. The Board, in affording the disbarred attorney an opportunity at a hearing to prove by clear and convincing evidence that he should be reinstated, has thereby afforded all the process that was due. See, Bonner v. Disciplinary Board of the Alabama State Bar, supra.
Although courts are slow to disbar, they are slower to reinstate. An application for reinstatement of an attorney, after a judgment of disbarment, must be treated as an application for admission to practice, not as an application to vacate the order of disbarment. Bonner v. Disciplinary Board of the Alabama State Bar, supra. "This burden is usually heavier because [the petitioner] must dispel the cloud of distrust engendered by his disbarment." Id. at 739.
Some take the position that there are certain heinous offenses against the judicial system that should forever bar an attorney from reinstatement. However, we subscribe to the following principle set forth in In re Stevens, 59 Cal.App. 251, 255, 210 P. 442 (1922), as quoted in Bonner v. Disciplinary Board of the Alabama State Bar (a unanimous decision written by Justice Adams and concurred in by Chief Justice Torbert and Justices Maddox, Faulkner, Jones, Almon, Shores, Embry, and Beatty), supra, at 738:
"`[O]ne who has been guilty of the acts which he has committed should not be reinstated in the ranks of the legal profession except upon the most clear and convincing, nay, we will say upon overwhelming, proof of reformproof which we could with confidence lay before the world in justification of a judgment again installing him in the profession which he has so flagrantly disgraced. [Cited in In re Stephenson, 243 Ala. 342, 10 So.2d 1 (1942)].'"
(Emphasis added in Bonner.)
Applying this established principle of law, we address the issue whether Elledge carried his burden of proving by clear and convincing evidence that he has the moral qualifications to practice law in Alabama and that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or to the administration of justice or subversive of the public interest.
Elledge stipulated that he had been "convicted of conspiracy to import marijuana and conspiracy for the sale and distribution of same." The Board also had before it the decision of the United States Court of Appeals affirming Elledge's convictions, a record of Elledge's five violations of the Rules, and this Court's order suspending Elledge from the practice of law. In addition, the Board had the opportunity to question Elledge and to observe his demeanor on direct examination and on cross-examination. Further, the Board had before it the recommendations from the Birmingham Bar Association that Elledge's petition for reinstatement be denied. After deliberation, the Board found that Elledge had not met his burden of proving by clear and convincing evidence that he had the "moral qualifications to practice law in [Alabama] and that his resumption of the practice of law within [Alabama] will not be detrimental to the integrity and standing of the Bar or the administration of justice, or subversive of the public interest." See Rule 19(c).
Ethical Considerations 1-1 and 1-2 of the Code of Professional Responsibility of the Alabama State Bar state that every individual in our society is entitled to access to the independent professional services of a lawyer of integrity and that the public should be protected from those who are not qualified to be lawyers by reason of a deficiency in moral standards but who nevertheless seek to practice. It is the Board's responsibility to take such action as shall be appropriate to effectuate the purposes of the Ethical Considerations of *427 the Canonsto supervise the conduct of lawyers so as to ensure that each lawyer is fit to be entrusted with professional matters and to aid in the administration of justice.
Although the Board did not state specific reasons for denying reinstatement to Elledge, in our review of the record we find reasonable bases for the Board's denial. Under the circumstances, we cannot say that the Board erred in deciding that Elledge had failed to prove by clear and convincing evidence that he was of good moral character and that he was worthy of being reinstated to practice law in the State of Alabama. Therefore, we affirm the Board's decision denying Elledge reinstatement to the practice of law.
AFFIRMED.
HORNSBY, C.J., and ADAMS and STEAGALL, JJ., concur.
MADDOX, JONES, ALMON, and SHORES, JJ., concur in the result.
JONES, Justice (concurring in the result).
Certain portions of the language in the lead opinion, read liberally, would make it virtually impossible for a disbarred lawyer ever to become eligible for reinstatement to the practice of law in Alabama. That is an extreme proposition.
Neither the Bar nor this Court should reject arbitrarily the plea of the truly penitent; nor should we begin with the proposition that some malfeasors are beyond redemption. "Vengeance is mine; I will repay, saith the Lord." Rom. 12:19. Although it is sometimes cast upon mortals to do the work of God on Earth, they should not arrogate unto themselves the divine privilege of vengeance. A legal system that imposes and carries out harsh judgments but lacks the capacity of forgiveness may find itself the object of the Lord's vengeance.
Disbarment is a harsh punishment; yet it is proper for certain offenses. While the offenses must be dealt with sternly, the system must reserve the right to deal mercifully with the offender. I would recognize more the role of mercy and forgiveness than does the law as cited in the lead opinion; therefore, I cannot join that opinion. Nevertheless, considering the facts of this case, I concur in the judgment denying reinstatement.
NOTES
[1] Elledge's 1982 suspension resulted from the Board's finding that Elledge was guilty of four charges involving solicitation of clients at the city jail and one charge of failing to disclose a material fact on his application for admission to the Bar.
[2] On January 1, 1991, the Alabama Rules of Disciplinary Procedure (Interim) will go into effect. Rule 19(a) provides: "Clear and convincing evidence shall be the standard of proof in all disciplinary proceedings, including petitions for reinstatement and transfer to disability inactive status."